J-S82007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
           :         PENNSYLVANIA
           :
       v.           :
           :
           :
JORGE ALDEA          :
           :
    Appellant     :     No. 3153 EDA 2017

Appeal from the PCRA Order August 24, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004660-2012,
CP-51-CR-0004700-2012

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:       **FILED FEBRUARY 28, 2019**

Jorge Aldea, *pro se*, appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon careful review, we affirm.

On April 13, 2015, Aldea entered a negotiated guilty plea to two counts of first-degree murder and related offenses.[1]  The Honorable Barbara A. McDermott imposed consecutive life sentences on the murder convictions. Aldea did not file post-sentence motions.  He filed a timely notice of appeal to this Court.  In response to the trial court's order to file a concise statement of

---

[1] On November 25, 2011, Aldea shot and killed Louis Chevere and then conspired with others to murder a witness to that shooting.

---

\*   Retired Senior Judge assigned to the Superior Court.

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), counsel filed a statement of intent to file an **Anders**[2] brief pursuant to Rule 1925(c)(4). By memorandum decision dated March 4, 2016, this Court affirmed Aldea's judgment of sentence and granted counsel's petition to withdraw. **See Commonwealth v. Aldea**, 1443 EDA 2015 (Pa. Super. filed Mar. 4, 2016) (unpublished memorandum decision).

On February 28, 2017, Aldea filed a *pro se* PCRA petition, followed by a supplemental petition on March 2, 2017. PCRA counsel was subsequently appointed and, in July 20, 2017, filed a **Turner**/**Finley**[3] "no-merit" letter and motion to withdraw. On July 20, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Aldea submitted a response to Judge McDermott's chambers, but did not properly file it of record. By order and opinion dated August 24, 2017, the PCRA court dismissed Aldea's petition. This timely appeal follows,[4] in which Aldea raises the following issues for our review:[5]

> 1. Was [Aldea's] plea counsel constitutionally ineffective for coercing him into accepting an unintelligent and unknowing guilty plea?

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[4] The PCRA court did not order Aldea to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b).

[5] We have renumbered Aldea's claims for ease of disposition.

2. Was [Aldea's] guilty plea intelligently and knowingly rendered?

3. Was [Aldea] afforded a fair and just opportunity to withdraw his guilty plea within ten days of sentencing?

4. Was [Aldea's] plea counsel ineffective for failing to file a motion to withdraw [Aldea's] guilty plea within ten days of the statutory period?

5. Was [Aldea] afforded a meaningful opportunity to obtain appellate review?

6. Was [Aldea] afforded the constitutional assistance of counsel that he is entitled to for appellate review?

7. Should [Aldea] be given a new trial and counsel because[:] (1) prior counsel's failure to file [a brief] in compliance with [the requirements of] "***Anders***"[;] (2) [Aldea's] legal issues surrounding the withdrawal of his guilty plea were meritorious[;] and (3) [Aldea's] counsel was ineffective for concluding that [Aldea's] legal issues were frivolous without advocating for [Aldea]?

Brief of Appellant, at IV.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017).

Aldea's first four appellate claims all involve the validity of his guilty plea. Aldea claims that counsel coerced him to enter a plea and then failed to file a motion to withdraw the plea, despite Aldea's expressed desire to do so. Because Aldea has not demonstrated that his guilty plea was involuntary and that he would have been able to meet the strict standard for seeking post-sentence withdrawal of his plea, he is entitled to no relief.

To be eligible for relief under the PCRA, an appellant must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely the inducement caused the petitioner to plead guilty, or that ineffective assistance of counsel caused him to enter an involuntary or unknowing plea. 42 Pa.C.S.A. § 9543(a)(2)(iii); **Commonwealth v. Young**, 695 A.2d 414, 416 (Pa. Super. 1997). Both claims implicate the effectiveness of plea counsel.

To establish an ineffective assistance of counsel claim, a PCRA petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked a strategically reasonable basis for the act or omission; and (3) the petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. **Commonwealth v. Harris**, 852 A.2d 1168, 1173 (Pa. 2004). Failure to prove any prong will defeat an ineffectiveness claim. **Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779–80 (Pa. Super. 2015) (en banc). "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).

When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1046 (Pa. Super. 2011). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and

understandingly." ***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. ***Id.*** "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Id.*** Finally, it is well-established that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. ***Yeomans***, 24 A.3d at 1047. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.***

In order to prevail on his ineffectiveness claims, Aldea must demonstrate, as a threshold matter, that his plea was entered involuntarily. Pennsylvania Rule of Criminal Procedure 590 provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As noted in the Comment to Rule 590, the trial court should, at a minimum, elicit the following information during the plea colloquy:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

Aldea has not established that his plea was involuntary. On the contrary, Judge McDermott engaged Aldea in an extensive and thorough colloquy prior to accepting his pleas. After confirming that Aldea could read, write and understand English and that he was not under the influence of any drugs or alcohol, Judge McDermott advised him of the charges to which he was pleading guilty and the elements of those offenses. *See* N.T. Guilty Plea, 4/13/15, at 12-14. Aldea repeatedly affirmed that no one had made any threats or promises to induce him to plead guilty and that the decision was entirely his own. *See id.* at 14, 20. The court advised him of the rights he was waiving by pleading guilty, including his right to a trial by jury. *See id.* at 15-19. Judge McDermott noted that Aldea had completed a written plea colloquy, which she confirmed he had signed after consultation with counsel. *See id.* at 19. The written plea colloquy informed Aldea, *inter alia*, that he enjoyed the presumption of innocence and that the trial court was not bound by the terms of his plea. *See* Written Plea Colloquy, 4/13/15, at 1. The district attorney recited the factual bases for Aldea's pleas, and Aldea affirmed his guilt as to each charge. *See* N.T. Guilty Plea, 4/13/15, at 22-25, 28-33.

Finally, the court advised Aldea that the terms of his plea agreement provided for the imposition of consecutive life sentences. *See id.* at 5-6.

In light of Aldea's responses under oath to Judge McDermott's oral colloquy, as well as the written colloquy Aldea completed after consultation with counsel, we find that his plea was entered knowingly, voluntarily and intelligently. His assertions on appeal that he did not understand his plea colloquy; that Judge McDermott's plea colloquy was "laden with misrepresentations, miss-statements [*sic*], and incorrect information[;]" that his plea was coerced; and that he is, in fact, not guilty of the charges to which he pled are all belied by the record and directly contradict Aldea's statements made under oath. Because Aldea's plea was knowing and voluntary, he can demonstrate no prejudice arising from counsel's purported failure to file a post-sentence motion to withdraw his guilty plea. *Koehler*, *supra*. As such, the PCRA court properly found Aldea's claims regarding the ineffectiveness of plea counsel to be without merit.

Aldea's remaining claims all involve allegations of the ineffectiveness of direct appellate counsel. For PCRA purposes, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998) (holding claim waived where not raised in *pro se* and amended PCRA petitions). Here, Aldea

did not raise any claims regarding appellate counsel's stewardship before the

PCRA court and, as such, those issues are waived for purposes of appeal.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/19