J-S19008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWIN WHETSTONE, | : | |
| | : | |
| Appellant | : | No. 2682 EDA 2018 |

Appeal from the PCRA Order Entered August 30, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003699-2015

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 02, 2019**

Edwin Whetstone appeals from the order, entered in the Court of Common Pleas of Montgomery County, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541–9546. Before us is counsel's "no-merit" letter[1] and petition to withdraw.  After careful review, we affirm the PCRA court's order dismissing Whetstone's PCRA petition and grant counsel's petition to withdraw.

---

[1] Appellant's counsel, Matthew Quigg, Esquire, sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), instead of filing a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).  We accept his *Anders* brief nonetheless, as *Anders* affords greater protections than *Turner*/*Finley*.  *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

---

*   Retired Senior Judge assigned to the Superior Court.

On April 21, 2015, Whetstone was arrested for retail theft. On April 24, 2015, he entered an open guilty plea to one count of retail theft graded as a third-degree felony. On January 19, 2016, the Honorable Judge Gary S. Silow sentenced Whetstone to a 36½ months' to 7 years' of incarceration.[2] On January 22, 2016, Whetstone, through plea counsel, filed motions to withdraw his guilty plea and to modify his sentence. Judge Silow denied both motions. Whetstone timely appealed and this Court affirmed his judgment of sentence. *Commonwealth v. Whetstone*, 161 A.3d 368 (Pa. Super. 2017) (Table). Whetstone did not seek further review from our Supreme Court.

On August 23, 2017, Whetstone filed a "Petition to File Appeal Nunc Pro Tunc," which Judge Silow treated as a timely PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition alleging plea counsel rendered ineffective assistance by failing to advise Whetstone of the maximum possible sentence for a third-degree felony. On August 30, 2018, the PCRA court held a hearing. On direct examination, Whetstone asserted the following: (1) he never met his plea counsel before entering his plea; (2) plea counsel did not convey to him an offer from the district attorney's office for a negotiated plea; (3) plea counsel did not inform him of the maximum sentence he faced; and (4) he completed his written plea colloquy by himself. N.T. PCRA Hearing, 8/30/18, 8–14. On cross examination, however, Whetstone

_____

[2] Judge Silow's on-the-record reasoning behind Whetstone's above-guideline sentence included the fact that the instant case represents Whetstone's 67th arrest. N.T. Sentencing, 1/19/16, 9–10.

said he truthfully answered the questions in his oral and written colloquies, wherein Whetstone affirmed: (1) he had sufficient time with plea counsel before entering his plea; (2) plea counsel explained the meaning of the words in the colloquy; (3) plea counsel conveyed the district attorney's offer to him; and (4) plea counsel explained the maximum sentence. *Id.* at 16–19; N.T. Guilty Plea, 8/24/15, at 2–7. The PCRA court subsequently dismissed Whetstone's petition, citing the equivocal nature of his answers and the absence of any evidence other than self-serving testimony. Pa.R.A.P. 1925(a) Opinion, 11/2/18, at 3.

Attorney Quigg sought to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). **See supra** at 1 n.1. In his "no-merit" letter to Whetstone, Attorney Quigg erroneously implied that this Court needed to rule on his motion to withdraw before Whetstone could respond. **See** Letter to Whetstone, 12/31/18, at 3 ("If Superior Court grants my request to withdraw as your attorney, you may still proceed on your appeal."). In response, this Court issued a *per curiam* order directing Attorney Quigg to advise Whetstone of his immediate right to retain counsel or proceed *pro se*. **See** *Per Curiam* Order, 2/4/19, at 1; **see also Commonwealth v. Muzzy**, 141 A.3d 509, 512 (Pa. Super. 2016) ("[I]f counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately

retained counsel."). On February 8, 2018, Attorney Quigg filed a letter appropriately informing Whetstone of his right to counsel. **See** Corrected "No-Merit" Letter, 2/8/18, at 1 ("I am writing you this second letter to correct an error[.] You have the right to immediately represent yourself or hire private counsel of your choosing to pursue your appeal."). Whetstone has not filed a *pro se* response.

We begin by reviewing the record to determine whether we agree with counsel's assessment of frivolousness, as is required before permitting withdrawal. **Turner**, **supra** at 928. Under such independent review, counsel must take the following steps:

> [F]ile a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it[,] then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa. Super. 2014). PCRA counsel seeking to withdraw must contemporaneously serve on the petitioner a copy of the "no-merit" letter and statement advising the petitioner of his immediate right to prosecute the appeal *pro se* or through privately-retained counsel. **See Muzzy**, **supra** at 511–12.

Here, counsel described the extent of his review, evaluated Whetstone's issue, concluded the issue was frivolous, and explained his reasoning. **See** Corrected "No-Merit" Letter at 1–3. Furthermore, following this Court's

February 4, 2018 *per curiam* order, counsel apprised Whetstone of his right to proceed *pro se* or to retain private counsel.

Finding counsel discharged his duties, we proceed to our independent review of the record, including the merits of Whetstone's claim. Our standard and scope of review for the denial of a PCRA petition is well-settled.

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "The PCRA court's credibility determinations are binding on this Court, where the record supports those determinations." **Commonwealth v. Widgins**, 29 A.3d 816, 820 (Pa. Super. 2011).

To successfully challenge the validity of a guilty plea under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely the inducement caused the petitioner to plead guilty, or that ineffective assistance of counsel caused him to enter an involuntary or unknowing plea. 42 Pa.C.S.A. § 9543(a)(2)(iii); **Commonwealth v. Young**, 695 A.2d 414, 416 (Pa. Super. 1997).

To establish ineffective assistance of counsel, a PCRA petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked a strategically reasonable basis for the act or omission; and (3) the

- 5 -

petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004). Failure to prove any prong will defeat an ineffectiveness claim. *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779–80 (Pa. Super. 2015) (en banc). "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (citation omitted).

When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011). "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. *Id.* "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Id.* "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea [that] contradict the statements he made at his plea colloquy." *Id.*

Whestone's claim speaks directly to the voluntariness of his plea. Pennsylvania Rule of Criminal Procedure 590 provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. *Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004). The trial court should, at a minimum, elicit the following information during the plea colloquy:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

**(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?**

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment (emphasis added).

Whetstone's claim is without merit. He has not shown his plea was involuntary for any reason, including a lack of knowledge as to the maximum sentence for felony retail theft. The PCRA court found Whetsone's testimony in support of his claim to be incredible. *See* Pa.R.A.P. 1925(a) Opinion, 11/2/18, at 3–4. Whetstone's assertions on direct examination at his PCRA hearing were directly contradicted by his testimony on cross-examination and the transcripts of his plea, wherein Whetstone stated, *inter alia*, that he spent

a sufficient amount of time with plea counsel, plea counsel communicated the Commonwealth's offer for a negotiated guilty plea, plea counsel helped Whetstone complete the written colloquy and Whetstone understood the maximum sentence he faced.  N.T. PCRA Hearing, 8/30/18, at 16–19.  We are bound by the PCRA court's credibility determinations, which are clearly supported by the record.  ***Widgins***, ***supra***, at 820.

Our independent review of the record has uncovered no issues of merit. ***Freeland***, ***supra*** at 774.  Consequently, we grant counsel's petition to withdraw and affirm the PCRA court's order dismissing Whetstone's PCRA petition.

Petition to withdraw granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/19