J-S32010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS HAILEY GRANTHAM | : | |
| | : | |
| Appellant | : | No. 3342 EDA 2018 |

Appeal from the PCRA Order Entered October 30, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0005292-2017

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 16, 2019**

Appellant, Marcus Hailey Grantham, appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> The relevant facts are as follows:  On May 4, 2018, [Appellant] came before this [c]ourt to enter pleas of guilty to four (4) counts of Conspiracy to Robbery (18 Pa. C.S.A. § 3701(a)(1)(ii)).  In exchange for entering the guilty pleas, the Commonwealth agreed [to] run Counts 1 and 2 concurrently, as well as Counts 3 and 4, and to cap the minimum sentence at the top of the aggravated range of the sentencing guidelines.  In addition, the Commonwealth agreed not to pursue the other counts of the information.  On June 4, 2018, this [c]ourt sentenced [Appellant] to an aggregate term of imprisonment of not less than five (5) years nor more than ten (10) years in a state correctional institution.[1]

[1] Specifically, [Appellant] was sentenced to the following: a term of imprisonment of not less than one (1) year nor more than four (4) years on Count 1; a term of imprisonment of not less than two and a half (2 $^{1}/_{2}$) years nor more than five (5) years on Count 2; a term of imprisonment of not less than one (1) year nor more than four (4) years on Count 3; a term of imprisonment of not less than two and a half (2 $^{1}/_{2}$) years nor more than five (5) years on Count 4. In addition, Counts 1 and 2, as well as Counts 3 and 4, were ordered to run concurrently to each other. However, Counts 1 and 2 were ordered to run consecutively to Counts 3 and 4. This sentence imposed on each count was in the bottom of the standard range of the sentencing guidelines.

[Appellant] did not file a Motion to Reconsider Sentence or a direct appeal to the Superior Court of Pennsylvania. Then, on June 14, 2018, [Appellant] filed a pro se Post Conviction Collateral Relief Petition. On July 6, 2018, this [c]ourt appointed Sean Poll, Esquire, to represent [Appellant] on his Motion for Post Conviction Collateral Relief. Later, on August 31, 2018, Attorney Poll authored a "no merit" letter pursuant to the requirements of Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (1988). A hearing relative to [Appellant's] motion was conducted before this [c]ourt on September 24, 2018. At the evidentiary hearing, [c]ourt-appointed counsel represented to this [c]ourt that after thoroughly reviewing the file, he found that there was no legal basis on which to proceed with [Appellant's] Motion for Post Conviction Collateral Relief. Therefore, this [c]ourt permitted Attorney Poll's withdrawal from the matter. Additionally, [Appellant] indicated his desire to proceed at a later date with his Motion for Post Conviction Collateral Relief and that he would represent himself. The hearing was continued to October 18, 2018.

A hearing relative to [Appellant's] motion was conducted before this [c]ourt on October 18, 2018. Thereafter, on October [30], 2018, this [c]ourt denied [Appellant's] Motion for Post Conviction Collateral Relief, and the within appeal followed on or about November [20], 2018.

On November [21], 2018, this [c]ourt instructed [Appellant] to file of record and serve upon this [c]ourt a concise statement

of errors complained of on appeal no later than December 11, 2018, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). [Appellant] complied with this Order. However, all of the matters contained in [Appellant's] concise statement of errors complained of on appeal have been addressed by this [c]ourt's comprehensive Opinion of October [30], 2018. Consequently, this [c]ourt relies on said Opinion of October [30], 2018, and incorporates it herein.

PCRA Court Opinion, 12/13/18, at 1-3.

Appellant presents the following issues for our review:

I.    Was PCRA counsel ineffective for filing a no-merit letter despite the existence of viable PCRA claims?

II.   Did the PCRA court err [in] accepting PCRA counsel's no-merit absent conducting an independent analysis of the record?

III.  Did the PCRA court err in appointing counsel in the first instance as counsel had been previously termination [sic] by Appellant prior to trial?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no

- 3 -

support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

In his first claim, Appellant argues that PCRA counsel was ineffective as a result of counsel's filing a no-merit letter despite the existence of viable PCRA claims. Appellant's Brief at 7-13. Accordingly, Appellant maintains that he was deprived of the right to effective PCRA counsel, and as a result, the denial of PCRA relief "cannot be permitted to stand." ***Id.*** at 13.

It is well established that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (thoroughly discussing Pennsylvania precedent holding that an appellant may not raise claims of PCRA counsel ineffectiveness for the first time on appeal); ***see also*** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal). The effectiveness of PCRA counsel must first be raised before the PCRA court, and may be raised in a response to PCRA counsel's ***Turner***[1]***/Finley*** letter (if any), in a response to a PCRA court Rule 907 notice,[2] or while the PCRA court retains

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Finley*** 550 A.2d 213.

[2] "Notice of a court's intention to dismiss is required only where the trial court, after review of the petition, any answer by the Commonwealth thereto, and any other matters of record, determines that a hearing is not necessary, that the petitioner is not entitled to post-conviction relief, and that no further proceedings are necessary." ***Commonwealth v. Hutchinson***, 25 A.3d 277, 321 (Pa. 2011) (emphasis omitted). Thus, because an evidentiary hearing

- 4 -

jurisdiction. *See Commonwealth v. Ford*, 44 A.3d 1190, 1197–1198 (Pa. Super. 2012) (citing *Commonwealth v. Pitts*, 981 A.2d 875, 879 n.3, 880 n.4 (Pa. 2009)) (finding challenge to PCRA counsel's effectiveness waived because petitioner failed to "challenge[ ] PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition"); *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014) (a petitioner can preserve the issue of PCRA counsel's ineffectiveness by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction).

In the instant case, Appellant failed to raise his claim of PCRA counsel's ineffectiveness prior to the dismissal of his PCRA petition and the filing of a notice of appeal. Appellant did not raise claims of PCRA counsel's ineffectiveness in response to PCRA counsel's *Turner/Finley* letter and petition to withdraw. Furthermore, he did not raise any such claim during the PCRA evidentiary hearing; Appellant's argument at the PCRA hearing consisted of allegations regarding trial counsel's ineffectiveness.[3] Moreover,

---

was held in this case, the PCRA court did not and was not required to issue a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. *Hutchinson*, 25 A.3d at 321.

[3] The PCRA Court's Pa.R.A.P. 1925(a) opinion indicates that a hearing was held on September 24, 2018, which was originally scheduled as the evidentiary hearing on the PCRA petition, but at which counsel was permitted to withdraw. PCRA Opinion, 12/13/18, at 2. Despite this reference, there is no transcript for this hearing in the certified record. Moreover, although it is

- 5 -

Appellant does not assert that he raised his dissatisfaction with PCRA counsel's representation at any point while the PCRA court had jurisdiction over his PCRA petition, nor does he direct this Court to any place in the record where that occurred. Appellant raised the issue of PCRA counsel's ineffectiveness for the first time on appeal from the denial of the PCRA petition. Accordingly, these claims are unreviewable on appeal. *Henkel*, 90 A.3d at 20.

In his second issue, Appellant contends that the PCRA court erred in accepting PCRA counsel's no-merit letter without conducting an independent analysis of the record. Appellant's Brief at 14. As explained, any claims related to PCRA counsel's ineffectiveness must be raised before the PCRA court, including claims regarding the adequacy of a no-merit letter. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1245-1246 (Pa. Super. 2011).

---

an appellant's duty to ensure all necessary parts of the record are filed with this Court, *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) ("Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty."), this Court's Prothonotary contacted the PCRA court to determine if a transcript existed for the September 24, 2018 proceeding. No transcript for this proceeding was discovered.

> This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record. This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record. In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

*Id.* at 7 (internal citations omitted).

- 6 -

(holding that claims regarding PCRA counsel's ineffectiveness were waived for the first time on appeal because "[the a]ppellant should have raised this claim of PCRA counsel's ineffectiveness and inadequacy of his no-merit letter when this matter was still before the PCRA court."). Thus, to the extent that Appellant is arguing that PCRA counsel's no-merit letter was inadequate, we find such claim to be waived as a result of his failure to preserve this issue before the PCRA court.

Furthermore, we find no merit to Appellant's claim that the PCRA court failed to conduct an independent review of his claims in granting PCRA counsel's petition to withdraw and accompanying *Turner/Finley* letter. As this Court has explained:

> where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Herein, the PCRA court's opinion accompanying its order denying Appellant's PCRA petition thoroughly discussed and addressed Appellant's claims. PCRA Court Opinion, 10/30/18, at 1-9. Thus, there is no evidence supporting Appellant's assertion that the PCRA court did not discharge its duty by conducting an independent review of Appellant's claims. This claim fails.

In his final issue, Appellant asserts that the PCRA court erred in appointing as PCRA counsel an attorney that Appellant had previously terminated prior to trial. Appellant's Brief at 16. Appellant contends that prior to trial, Attorney Sean Poll was appointed as Appellant's counsel. *Id.* Appellant maintains that the attorney-client relationship at that time deteriorated beyond repair "over trial strategy and communication." *Id.* Appellant then chose to secure private counsel for trial. *Id.* After Appellant filed his *pro se* PCRA petition, Attorney Poll was appointed as Appellant's PCRA counsel. *Id.* Appellant contends that as a result, he was denied the right to effective assistance of PCRA counsel by an apparent conflict of interest. *Id.*

Appellant's assertion constitutes a claim of ineffective assistance of counsel. As explained previously, Appellant has waived his claims of ineffective assistance of PCRA counsel for failure to raise them before the PCRA court. *Henkel*, 90 A.3d at 20. As a result, this argument is waived. Furthermore, we note that while a petitioner is entitled to counsel on a first PCRA petition, he is not entitled to counsel of his choosing. *See Commonwealth v. Cook*, 952 A.2d 594, 617 (Pa. 2008) ("While an indigent is entitled to free counsel, he is not entitled to free counsel of his own choosing.") Thus, Appellant is entitled to no relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/19

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                               )
            vs.                )          Case No.    5292/2017
                               )
MARCUS HAILEY GRANTHAM,        )
            Defendant          )

## ORDER

NOW, this 29th day of October , 2018, upon consideration of Defendant's Motion for Post Conviction Collateral Relief, and for the reasons expressed in the accompanying Opinion,

**IT IS HEREBY ORDERED** that Defendant's Motion for Post Conviction Collateral Relief is DENIED. *Pursuant to Pennsylvania Rule of Criminal Procedure 908(E), Defendant is hereby advised of his right to file a notice of appeal to the appropriate appellate court within thirty (30) days of the entry of this Order.*

**IT IS FURTHER ORDERED** that the Clerk of Courts-Criminal Division shall send a copy of this Order to Defendant by certified mail, return receipt requested.

BY THE COURT:

_____
Maria L. Dantos, J.

FILED
2018 OCT 30 PM 2: 27
CLERK OF COURTS
CRIMINAL-JUVENILE
LEHIGH COUNTY, PA

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    )
                                         )
           vs.                         )     Case No.    5292/2017
                                         )
MARCUS HAILEY GRANTHAM,          )
           Defendant             )

\* \* \* \* \* \* \*

APPEARANCES:

        JEFFREY BURD, ESQUIRE,
        CHIEF DEPUTY DISTRICT ATTORNEY,
           On behalf of the Commonwealth

        MARCUS HAILEY GRANTHAM, PRO SE,
        Defendant

\* \* \* \* \* \* \* \*

## OPINION

MARIA L. DANTOS, J.

Defendant, Marcus Grantham, filed a Post Conviction Collateral Relief Petition on June 14, 2018. An evidentiary hearing relative to this petition was conducted before this Court on October 18, 2018. The relevant facts are as follows. On May 4, 2018, the Defendant came before this Court to enter pleas of guilty to four (4) counts of Conspiracy to Robbery (18 Pa. C.S.A. § 3701(a)(1)(ii)). In exchange for entering the guilty pleas, the Commonwealth agreed run Counts 1 and 2 concurrently, as well as Counts 3 and 4, and to cap the minimum sentence at the top of the aggravated range of the sentencing guidelines. In addition, the Commonwealth agreed not to pursue the other counts of the information. On June 4, 2018, this

Court sentenced the Defendant to an aggregate term of imprisonment of not less than five (5) years nor more than ten (10) years in a state correctional institution.[1]

The Defendant did not file a Motion to Reconsider Sentence or a direct appeal to the Superior Court of Pennsylvania. Then, on June 14, 2018, the Defendant filed a pro se Post Conviction Collateral Relief Petition. On July 6, 2018, this Court appointed Sean Poll, Esquire, to represent the Defendant on his Motion for Post Conviction Collateral Relief. Later, on August 31, 2018, Attorney Poll authored a "no merit" letter pursuant to the requirements of Commonwealth v. Finley, 379 Pa. Super. 390, 550 A.2d 213 (1988). A hearing relative to Defendant's motion was conducted before this Court on September 24, 2018. At the evidentiary hearing, Court-appointed counsel represented to this Court that after thoroughly reviewing the file, he found that there was no legal basis on which to proceed with the Defendant's Motion for Post Conviction Collateral Relief. Therefore, this Court permitted Attorney Poll's withdrawal from the matter. Additionally, the Defendant indicated his desire to proceed at a later date with his Motion for Post Conviction Collateral Relief and that he would represent himself. The hearing was continued to October 18, 2018.

Presently before the Court is Defendant's Motion for Post Conviction Collateral Relief that was filed on June 14, 2018. A hearing relative to Defendant's motion was conducted before this Court on October 18, 2018. At that time, Defendant

---

[1]     Specifically, the Defendant was sentenced to the following: a term of imprisonment of not less than one (1) year nor more than four (4) years on Count 1; a term of imprisonment of not less than two and a half (2 ½) years nor more than five (5) years on Count 2; a term of imprisonment of not less than one (1) year nor more than four (4) years on Count 3; a term of imprisonment of not less than two and a half (2 ½) years nor more than five (5) years on Count 4. In addition, Counts 1 and 2, as well as Counts 3 and 4, were ordered to run concurrently to each other. However, Counts 1 and 2 were ordered to run consecutively to Counts 3 and 4. This sentence imposed on each count was in the bottom of the standard range of the sentencing guidelines.

presented argument in support of his motion. However, the Defendant failed to sustain his burden.

The record evidence shows that Eric Dowdle, Esquire, a private criminal defense attorney, represented the Defendant in the above-captioned case since the Preliminary Hearing stage. He met with the Defendant more than six (6) times at the Lehigh County Jail, as well as met with his mother, Emerald Lotti, and his fiancé on numerous occasions. Attorney Dowdle investigated the case, including alibi defenses, as well as discussed strategies in preparation for trial. Attorney Dowdle was aware that the Defendant had admitted his culpability to the police in two of the crimes.[2] As the trial approached, the evidence was building against the Defendant, including the fact that his Co-Defendants were entering into negotiated guilty pleas with the Commonwealth and intended to testify against the Defendant should he proceed to trial. The Defendant's mother asked Attorney Dowdle to negotiate a plea deal with the Commonwealth.

Attorney Dowdle was able to negotiate an extremely beneficial plea agreement for the Defendant and presented same to him. Prior to the trial that was scheduled to commence on May 7, 2018, the Defendant accepted the offer extended by the Commonwealth on May 4, 2018. Attorney Dowdle had counseled the Defendant and had given his professional opinion that he should accept the offer. However, the ultimate decision to accept the offer was made by the Defendant. On that date, the Defendant entered his guilty plea. This Court conducted an extensive verbal colloquy with the Defendant at the time of his guilty plea. During the Defendant's oral plea

---

[2] The Defendant authored a letter to this Court in which he acknowledged his participation in one of the robberies, and accepted responsibility for his involvement.

3

colloquy, the Defendant acknowledged the terms of his plea agreement (N.T. 5/4/18, pp. 3-6); denied having any drugs, alcohol or other medication that would affect his ability to know what he was doing (N.T. 5/4/18, p. 6); indicated that he read and understood the written plea colloquy (N.T. 5/4/18, pp. 6-7); stated that he understood that he did not have to give up his rights but could proceed to trial (N.T. 5/4/18, p. 7); posed no questions to the judge (N.T. 5/4/18, p. 7); articulated that no one was forcing or threatening him to plead guilty (N.T. 5/4/18, p. 7); testified that no promises were made to him other than the plea agreement (N.T. 5/4/18, p. 7); and acknowledged the facts as set forth by the prosecutor (N.T. 5/4/18, pp. 7-10).

Prior to sentencing, a Pre-Sentence Investigation Report was prepared. The Defendant reviewed the Pre-Sentence Investigation Report with Attorney Dowdle. The Pre Sentence Investigation Report clearly set forth the terms of the plea agreement. (6/4/18, p. 2). On June 4, 2018, this Court sentenced the Defendant to an aggregate term of imprisonment of not less than five (5) years nor more than ten (10) years in a state correctional institution. (N.T. 6/4/18, pp. 11-12). This sentence was in compliance with the negotiated plea agreement. After the sentencing hearing, Attorney Dowdle received a letter from the Defendant's mother expressing her sincere appreciation for all that he had done for her son. (C. Ex. 2). The Defendant, on the other hand, was not pleased with his sentence and wanted less jail time. (C. Ex. 1). In fact, at the hearing on October 18, 2018, the Defendant admitted that his dissatisfaction with his sentence is the reason for filing the within Motion for Post Conviction Collateral Relief.

In his motion for Post Conviction Collateral Relief, Defendant contends

4

that Attorney Eric Dowdle rendered ineffective assistance of counsel by: (1) failing to argue that the trial Court imposed a sentencing outside of the sentencing guidelines; (2) failing to present evidence in Defendant's defense; (3) failing to advise the Defendant of the nature of an "open plea;" (4) failing to allow the Defendant's wife to testify at the time of sentencing; (5) claiming that the trial Court was "on his side;" (6) meeting with the Defendant only two (2) to three (3) times; and (7) inducing him to enter into a guilty plea. Initially we note that claims of ineffective assistance of counsel are subject to a three part analysis:

> To establish an ineffective assistance of counsel claim, [defendant] must first demonstrate that the underlying claim is of arguable merit; then, that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate [defendant's] interest; and finally, that but for the act or omission in question, the outcome of the proceedings would have been different.

Commonwealth v. Travaglia, 541 Pa. 108, 118, 661 A.2d 352, 356-357 (1995), U.S. cert. denied, 116 S.Ct. 931 (1996) (citations omitted); see also Commonwealth v. Allen, 883 A.2d 800, 802 (Pa. Super. 2003). Counsel is presumed effective and the Defendant bears the burden of proving all three prongs of this standard. Id.; Commonwealth v. Orlando, 156 A.3d 1274, 1281 (Pa. Super. 2017); Commonwealth v. Meadows, 567 Pa. 344, 787 A.2d 312, 319-320 (2001). With the above standards in mind, we address the Defendant's contentions.

The Defendant argues that Attorney Dowdle was ineffective for failing to argue that the trial Court imposed a sentence outside of the sentencing guidelines, and for failing to present evidence in Defendant's defense at the time of sentencing. These arguments are factually flawed. Initially this Court notes that the negotiated plea

5

entailed running Counts 1 and 2 concurrently, as well as Counts 3 and 4, and to cap the minimum sentences at the top of the aggravated range of the sentencing guidelines. In addition, the Commonwealth agreed not to pursue the other counts of the information. Of note, concurrency between the sentences imposed in Counts 1 and 2, and the sentences imposed in Counts 3 and 4, was left to the discretion of this Court. In compliance with the plea agreement, this Court sentenced the Defendant to sentences that were clearly below the maximum that this Court could have imposed as a sentence. Consequently, the Defendant's argument that this Court imposed a sentence beyond the sentencing guidelines is meritless. Similarly, contrary to the Defendant's assertion, Attorney Dowdle argued on the Defendant's behalf at the time of sentencing. He indicated that although the Defendant was involved in the criminal conduct alleged, his participation was a result of his association with other people who forced him to participate. (N.T. 6/4/18, pp. 3-5). The record reflects that Attorney Dowdle advocated on his client's behalf at the time of sentencing, and consequently the Defendant's argument is factually baseless.

Next, the Defendant contends that Attorney Dowdle was ineffective for failing to advise the Defendant of the nature of an "open plea" and for failing to allow the Defendant's wife to testify at the time of sentencing. Both of these arguments are specious at best. First, this Court notes that the Defendant did not enter into an "open plea," but rather imposed a cap on the minimum sentences to be imposed, as well as bound the Court to impose concurrent sentences on Counts 1 and 2, as well as on Counts 3 and 4. Consequently, this argument is fundamentally flawed. In the same vein, Defendant's argument that Attorney Dowdle denied the Defendant's wife the

6

opportunity to speak at the time of sentencing is baseless. The record belies this argument and reflects that Attorney Dowdle advised the Court that the Defendant's wife was in the courtroom but did not want to speak in open court. (N.T. 6/4/18, p. 4). Had the contrary been true, the Defendant had ample opportunity to express this to the Court. Consequently, this Court cannot find Attorney Dowdle ineffective based on these allegations of error.

The Defendant also argues that Attorney Dowdle was ineffective for claiming that the trial Court was "on his side;" and meeting with the Defendant only two (2) to three (3) times. This Court notes that whether or not Attorney Dowdle advised his client that this Court was "on his side"[3] and how often he met with the Defendant have no bearing on the plea agreement that he chose to accept.[4] This Court abided by the terms of the plea agreement and did not impose a harsher sentence than what was provided for by the plea agreement. Similarly, the Defendant entered into the plea agreement despite his alleged limited meetings with Attorney Dowdle. Had the Defendant needed more time to discuss the plea agreement with Attorney Dowdle, he should have spoken up and brought this to the Court's or Attorney Dowdle's attention. The record reflects that the Defendant never brought this concern to anyone's attention and that he entered into a guilty plea preceded by a lengthy verbal and written colloquy. Therefore, these arguments lack merit.

Finally, the Defendant contends that Attorney Dowdle was ineffective for unlawfully inducing him to enter into a guilty plea. This argument is without merit.

---

[3] The Defendant also contends that this court was "prejudice and racist" against the Defendant. This bald assertion lacks any foundation and is, frankly, insulting. This Court was impartial and fair in its sentencing.

[4] For clarification, the record reflects that Attorney Dowdle met with the Defendant more

The record reflects that the Defendant willingly accepted the offer extended by the Commonwealth on May 4, 2018. Indeed, on the same date, the Defendant entered his guilty plea. This Court conducted an extensive verbal colloquy with the Defendant at the time of his guilty plea. During the Defendant's oral plea colloquy, the Defendant acknowledged the terms of his plea agreement; denied having any drugs, alcohol or other medication that would affect his ability to know what he was doing; indicated that he read and understood the written plea colloquy; stated that he understood that he did not have to give up his rights but could proceed to trial; posed no questions to the judge; articulated that no one was forcing or threatening him to plead guilty; testified that no promises were made to him other than the plea agreement; and acknowledged the facts as set forth by the prosecutor. In addition, prior to sentencing, a Pre-Sentence Investigation Report was prepared. The Defendant reviewed the Pre-Sentence Investigation Report with Attorney Dowdle. The Pre-Sentence Investigation Report clearly set forth the terms of the plea agreement.

"Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea." Commonwealth v. Yager, 454 Pa. Super. 428, 685 A.2d 1000, 1004 (1996), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997).

> [I]n order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:
>
> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
> (2) Is there a factual basis for the plea?

---

than six (6) times in the Lehigh County Jail.

8

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Commonwealth v. Young, 695 A.2d 414, 417 (Pa. Super. 1997). The oral colloquy and the written plea filed of record clearly established the voluntary, knowing and intelligent nature of the guilty plea. Commonwealth v. Myers, 434 Pa. Super. 221, 225-226, 642 A.2d 1103, 1105 (1994). The six (6) particular above-mentioned areas were thoroughly covered in the written and oral colloquies in this case as indicated above. As such, Defendant cannot now allege that Attorney Dowdle unlawfully induced him to enter an involuntary, unknowing and unintelligent guilty plea. In light of the foregoing, this Court cannot find Attorney Dowdle ineffective

Accordingly, we deny Defendant's Motion for Post Conviction Collateral Relief.

9