**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Mark Eric YOUNG, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1996.
Filed May 2, 1997.

Iva C. Dougherty, Assistant District Attorney, Reading, for Commonwealth, appellant.

William C. Bispels, Jr., Reading, for appellee.

Before McEWEN, President Judge, and POPOVICH, J., and MONTEMURO*, Senior Judge.

POPOVICH, Judge:

The Commonwealth appeals from the order of the Court of Common Pleas of Berks County granting the post-conviction relief petition of appellee, Mark Eric Young, and permitting him to withdraw his guilty plea to indecent assault, 18 Pa.C.S. § 3126(a)(4). For the reasons set forth below, we reverse the decision of the court below and reinstate appellee's judgment of sentence.

Herein, the Commonwealth argues that appellee is not entitled to post-conviction relief because he has waived his challenge to the validity of his plea. Further, the Commonwealth asserts that appellee has failed to demonstrate the "manifest injustice" necessary to withdraw a guilty plea after sentencing. Finally, the Commonwealth submits that appellee's delay in filing his post-conviction attack on his plea has prejudiced the Commonwealth's ability to re-try him such that appellee's requested relief must be denied.

The record reveals the following: On April 10, 1994, appellee was arrested and charged with criminal attempt to commit rape, aggravated assault, terroristic threats, unlawful restraint, simple assault, and multiple counts of indecent assault and disorderly conduct. Counsel was appointed, and the matter proceeded to a preliminary hearing on July 27, 1994, where defense counsel and the Commonwealth reached a plea agreement.

According to the terms of the agreement, the Commonwealth would withdraw most of the felony offenses, and, in return, the

---

* Retired Justice assigned to Superior Court.

charges of simple assault, indecent assault and disorderly conduct would be waived into court without appellee's objection. Further, the agreement provided that if appellee did not plead guilty to those charges, then the case would be remanded for a preliminary hearing on *all* of the original charges.

On September 13, 1994, appellee entered an open guilty plea to Count One, listed as simple assault, 18 Pa.C.S.A. § 2701(a)(1), and Count Three, listed as indecent assault, 18 Pa.C.S.A. § 3126(a)(4). Count Two, listed as indecent assault, 18 Pa.C.S.A. § 3126(a)(1), and Counts Four and Five, listed as disorderly conduct, 18 Pa.C.S.A. § 5503(a)(1) and (a)(4) respectively, were dismissed. On the same date, the court sentenced appellee to concurrent terms of 156 days to 24 months. Appellee did not file post-sentence motions or a direct appeal.

On February 22, 1995, the victim died.[1] On September 18, 1995, one year after the entry of his guilty plea and sentence (and seven months after the death of his victim), appellee filed a *pro se* petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq.*, alleging, *inter alia,* ineffectiveness of counsel and unlawful inducement of a guilty plea. PCRA counsel was appointed, and a hearing was held on May 13, 1996.[2]

By order dated May 30, 1996, the PCRA court granted appellee's petition for relief and permitted the withdrawal of his guilty plea to indecent assault. The court reasoned that the facts elicited during the plea colloquy did not match the crime to which appellant pleaded guilty, and, therefore, appellee entered an unknowing and involuntary plea. More specifically, the recitation of the facts which formed the basis of his indecent assault conviction appeared to indicate that

appellant intended to plead guilty to Count Two of the indictment, i.e., indecent assault as defined by 18 Pa.C.S.A. § 3126(a)(1), when, on the record, he actually pleaded guilty to Count Three, i.e., indecent assault as defined by 18 Pa.C.S.A. § 3126(a)(4). Thus, the lower court reasoned appellee was unaware of the specific elements of the offense to which he pleaded guilty, thus, rendering his plea unknowingly, involuntarily and unintelligently entered. This Commonwealth appeal followed.

"When reviewing the grant or denial of a petition for post conviction relief, we are limited to determining whether the lower court's findings are supported by the record and its order is otherwise free of legal error." *Commonwealth v. Laskaris,* 407 Pa.Super. 440, 444, 595 A.2d 1229, 1230 (1991); *Commonwealth v. Legg,* 447 Pa.Super. 362, 669 A.2d 389 (1995). To be eligible for relief under the Post Conviction Relief Act, appellant must plead and prove by a preponderance of the evidence that his guilty plea was unlawfully induced where the circumstances made it likely the inducement caused the petitioner to plead guilty. 42 Pa.C.S.A. § 9543(a)(2)(iii); *Commonwealth v. Yager,* 454 Pa.Super. 428, 434, 685 A.2d 1000, 1003 (1996); *Commonwealth v. Blackwell,* 436 Pa.Super. 294, 303–308, 647 A.2d 915, 920– 921 (1994); *Commonwealth v. Fluharty,* 429 Pa.Super. 213, 215–219, 632 A.2d 312, 313– 314 (1993). Or, the petitioner must prove ineffective assistance of counsel which caused an involuntary or unknowing plea. 42 Pa. C.S.A. § 9543(a)(2)(iii);[3] *Yager,* 454 Pa.Super. at 436, 685 A.2d at 1004; *Blackwell,* 436 Pa.Super. at 303–308, 647 A.2d at 920–921; *Fluharty,* 429 Pa.Super. at 215–219, 632 A.2d at 313–314.[4]

---

1. Her death was unrelated to the incident *sub judice.*

2. We note that PCRA counsel did not file an amended PCRA petition, therefore, a PCRA hearing was held based upon appellee's *pro se* petition for relief. In his *pro se* petition, appellee appears to argue that counsel was ineffective for coercing him into pleading guilty and for failing to file an appeal which attacked the validity of his plea.

3. Since appellee pleaded guilty, the truth determining process is not implicated under 42 Pa.

C.S.A. § 9543(a)(2)(ii). Rather, his ineffectiveness claim in the context of an attack on the validity of his guilty plea falls under 42 Pa.C.S.A. § 9543(a)(2)(iii). *Yager,* 454 Pa.Super. at 434, 685 A.2d at 1003, *citing, Commonwealth v. Shekerko,* 432 Pa.Super. 610, 639 A.2d 810, *allocatur denied,* 539 Pa. 677, 652 A.2d 1322 (1994).

4. Ordinarily, "failure to petition to withdraw [the] plea, combined with failure to pursue direct appeal will bar consideration of an attack on one's plea in collateral proceedings." *Common-*

In *Blackwell, supra,* we set forth the law to be applied when a petitioner attacks the validity of his guilty plea after sentencing, as follows:

... "An attempt to withdraw a plea of guilt after sentencing will only be granted where the defendant is able to show that his plea was the result of manifest injustice." *Commonwealth v. Holbrook,* 427 Pa.Super. 387, 394, 629 A.2d 154, 158 (1993). To establish manifest injustice, a defendant must show that his plea was involuntary or was given without knowledge of the charge. *Id.* The decision to plead guilty must be personally and voluntarily made by a defendant. *Commonwealth v. Fluharty,* 429 Pa.Super. 213, 632 A.2d 312 (1993). Pa.R.Crim.P. 319 mandates that the guilty plea be offered in open court,and, in order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Fluharty, supra* at 218, 632 A.2d at 314; Comment to Pa.R.Crim.P. 319. The trial court must determine if there is a factual basis for the plea [i.e., whether the facts acknowledged by the defendant constitute the offense(s) charged]. *Commonwealth v. Fluharty, supra.* The aforementioned constitute the

only required inquiries regarding a guilty plea. *Id.*

The determination of whether the defendant understood the connotations of the plea and its consequences is made by an examination of the totality of the circumstances surrounding the plea. *Id.* Even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the circumstance surrounding the entry of the plea reveal that the defendant fully understood the nature and consequences of his or her plea and that he or she knowingly and voluntarily decided to plead guilty. *Id.* A defendant may knowingly and voluntarily plead guilty as a matter of strategy or experience even though he or she is unable or unwilling to admit guilt regarding he crime(s) charged. *Id.* The bottom line is whether the defendant understood what he or she was doing, and our Court will look to the colloquy to determine whether he or she did.

*Blackwell,* 436 Pa.Super. at 306–308, 647 A.2d at 921–922.

Thus, we must determine whether appellee established that his plea was the product of *manifest injustice. Blackwell, supra.* To understand the nature of the alleged defect in appellee's guilty plea colloquy, a thorough review of the record is warranted.

On April 10, 1994, Detective Dean Patton of the Muhlenberg Township Police Department filed a criminal complaint and sought an arrest warrant for appellee. The complaint listed the charges as: Attempted rape, 18 Pa.C.S.A. §§ 901(a) and 3121(2); aggravated assault, 18 Pa.C.S.A. § 2702(a)(1); terroristic threats, 18 Pa.C.S.A. § 2706; unlawful restraint, 18 Pa.C.S.A. § 2902(1); simple assault, 18 Pa.C.S.A. § 2701(a)(1); indecent assault, 18 Pa.C.S.A. §§ 3126(a)(1) and (a)(4); and disorderly conduct, 18 Pa.C.S.A. §§ 5503(a)(1) and (a)(4). The accompanying statement of probable cause provided, in relevant part, that:

defendant did intentionally, and knowingly attempt to engage in sexual intercourse

---

*wealth v. McGriff,* 432 Pa.Super. 467, 474, 638 A.2d 1032, 1036 (1994). However, our review of the record reveals that appellant's attack on his guilty plea has not been waived, since he has

alleged that counsel's incompetence has caused an unknowing and involuntary plea. *See, Yager,* 454 Pa.Super. at 434, 685 A.2d at 1003 n. 12.

with one Gidget M. Leis, not his spouse by forcible compulsion [sic] in that he did threaten to kill the victim while ripping her clothing off and banging her head to the ground after she had fled from the defendant [sic] automobile. The defendant did indecently assault the victim in that he was tearing her clothes and grabbing breasts and head and attempting to have the victim perform fellatio on him while inside his auto after administering cocaine into her system by needle and by other means.

At the time of appellee's arrest on the above charges, the relevant subsections of indecent assault were defined as:

(a) Offense defined.—A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him, is guilty of indecent assault if:

(1) he does so without the consent of the other person;

\* \* \* \*

(4) he has substantially impaired the other person's power to appraise or control his or her conduct by administering or employing, without the knowledge of the other[,] drugs, intoxicants or other means for the purpose of preventing resistance.

18 Pa.C.S.A. § 3126(a)(1), (4).[5]

A preliminary hearing on the above-stated charges was scheduled for July 27, 1994. However, pursuant to a plea agreement, appellee waived this hearing. According to the terms of this agreement, the Commonwealth agreed to withdraw the charges of criminal attempt to commit rape, aggravated assault, terroristic threats and unlawful restraint, and, in return, the charges of simple assault, indecent assault and disorderly conduct were waived into court. Appellee's recommitment

document and preliminary hearing waiver form both list the remaining charges as: Simple assault, 18 Pa.C.S.A. § 2701(a)(1); indecent assault, 18 Pa.C.S.A. § 3126(a)(1); and disorderly conduct, 18 Pa.C.S.A. § 5503(a)(1). Indecent assault, 18 Pa.C.S.A. § 3126(a)(4), does not appear on either document.

On August 15, 1994, the Commonwealth filed Bills of Information listing the following charges against appellee: simple assault, 18 Pa.C.S.A. § 2701(a)(1) (Count 1); indecent assault, 18 Pa.C.S.A. §§ 3126(a)(1) (Count 2) and (a)(4) (Count 3); disorderly conduct, 18 Pa.C.S.A. §§ 5503(a)(1) (Count 4) and (a)(4) (Count 5).[6]

A guilty plea and sentencing hearing was scheduled for September 13, 1994. In a letter dated August 29, 1994, appellee's counsel, John Adams, Esq., detailed the terms of the negotiated plea agreement as time served to 24 months for a guilty plea to Counts 1 and 3, listed simply as "Simple Assault" and "Indecent Assault." The letter did not include any Crimes Code sections or subsections relative to the enumerated counts.

On September 13, 1994, appellee completed a written guilty plea colloquy and entered an open guilty plea to Counts 1 and 3. The guilty plea colloquy states that appellee agreed to plead guilty to "Count 1 Simple Assault 18 P[a.C.S.A. § ] 2701(a)(1)" and "Count 3 Indecent Assault 18 P[a.C.S.A. § ] 3126(a)(4)." See, Guilty Plea Colloquy, p. 8.

However, in the next paragraph, the elements of Count 3 are listed *incorrectly* as "knowingly, has indecent contact w/another, not his spouse w/out consent of the other person." *Id. In other words, appellee's guilty plea colloquy defined Count 3 as if it was actually Count 2 of the indictment.* See, 18 Pa.C.S.A. § 3126(a)(1) ("A person who has

---

**5.** Both subsections are graded as misdemeanors of the second degree. 18 Pa.C.S. § 3126(b).

**6.** Count 3 of this Information charged appellee as follows:

THE DEFENDANT DID, on or about APRIL 10, 1994, in the County aforesaid, have indecent contact with GIDGET LEIS, not his spouse, or caused GIDGET LEIS to have indecent contact with him, in violation of 18 Pa. C.S.A. § 3126(a)(4). Grading: M2.

This is not a complete recitation of the elements of the offense of indecent assault as defined in 18 Pa.C.S.A. § 3126(a)(4), which also requires the defendant to have administered drugs or intoxicants to the victim to prevent that person's resistance to the indecent contact.

It is important to note that the remaining charges, especially Count 2, indecent assault, 18 Pa.C.S.A. § 3126(a)(1), were correctly defined.

indecent contact with another not his spouse, or causes such other to have indecent contact with him, is guilty of indecent assault if: (1) he does so without the consent of the other person[.]").

The summary of facts set forth in the plea colloquy states:

> On April 10, 1994 the defendant picked up Gidget Leis and went to Kline's Motel and thereafter the defendant and Gidget get into a fight and the defendant assaulted her. During the fight the victim, Gidget Leis['] shirt was ripped by the defendant resulting in indecent contact.

Guilty Plea Colloquy, p. 9.

Once again, the summary of facts indicates that appellee actually intended to plead guilty to indecent assault as defined by Count 2 of the indictment, *not* Count 3.[7]

On the same day that appellee executed the written plea colloquy, a guilty plea hearing was held, during which the facts of the case were set forth by defense counsel and admitted to by appellee as follows:

> Your Honor, the facts are that on April 10th, 1994, my client picked up an individual by the name of Gidget Leas, picked her up and they went to Kline's Motel in Muhlenberg Township, Berks County, Pennsylvania. Thereafter, the Defendant, my client, and Gidget got into an argument, and my client assaulted Gidget Leas. During that argument, there was some indecent contact between my client and Gidget Leas without the consent of the victim, Gidget Leas; and those are the essential facts.

Guilty Plea Hearing, p. 3.

That same day, the trial court sentenced appellee to concurrent terms of 156 days to 24 months for both Counts 1 and 3. In other words, appellee was sentenced to *time served* to twenty-four months. The sentencing guidelines form, completed and signed by the sentencing judge, states that appellee was sentenced on Counts 1 and 3, listed as Simple

Assault, 18 Pa.C.S.A. § 2701(a)(1) and Indecent Assault, 18 Pa.C.S.A. § 3126(a)(4).

Five months after appellee was sentenced, on February 22, 1995, the victim, Gidget Leis, died of causes unrelated to the case *sub judice*. On September 18, 1995, seven months after Leis' death, and one year after his guilty plea, appellee filed the present *pro se* PCRA petition.

Upon review of the totality of the circumstances of this case, we find that appellee did not show that his plea was the result of manifest injustice. Accordingly, we reverse the decision of the court below which permitted appellee to withdraw his guilty plea, and we reinstate appellee's judgment of sentence.

■ Presently, appellee was charged with two counts of indecent assault, Count 2 which required indecent contact without the consent of the victim, and Count 3 which required the defendant to have drugged his victim. The facts elicited throughout the proceedings below were consistent with a prosecution for indecent assault as defined by Count 2 of the indictment, and appellee knowingly and voluntarily admitted to acts which violated Count 2 of the indictment. The problem before us, however, was created when the lower court, the prosecution and defense counsel committed, in essence, a clerical error by permitting appellee to plead guilty to the wrong sub-section of the indecent assault statute.

We do not believe that such an error is tantamount to manifest injustice. Appellee was charged in Count 2 with violating 18 Pa.C.S.A. § 3126(a)(1), and he voluntarily admitted to facts which constituted that charge. The fact that judgment of sentence indicates that appellee pleaded guilty and was sentenced on Count 3, 18 Pa.C.S.A. § 3126(a)(4), does not affect the voluntariness of appellee's plea where there was no confusion as to his commission of Count 2. Appellee intended to plead guilty to indecent assault as defined by 18 Pa.C.S.A. § 3126(a)(1), and we will not permit him to withdraw his plea simply because the trial court, his counsel and the

---

7. We note that there is no reference to appellee's knowing employment of drugs or intoxicants to impair his victim, as proscribed by indecent assault as defined by 18 Pa.C.S.A. § 3126(a)(4), in the summary of facts to his written guilty plea colloquy, during his guilty plea hearing or during his sentencing.

prosecution failed to insure that appellee pleaded guilty to the correct count of the indictment.[8]

■ Presently, the PCRA court should have corrected the clerical error of counsel and the trial court which permitted the judgment of sentence to indicate that appellee had been sentenced on indecent assault as defined by Count 3, rather than by Count 2. *See,* 42 Pa.C.S.A. § 9546(a) ("court shall order appropriate relief and issue supplemental orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper"). The power to modify a judgment of sentence to amend records, to correct mistakes of court officers or counsel's inadvertencies is inherent in our court system, even after the thirty-day time limit set forth in 42 Pa.C.S.A. § 5505, has expired. *Commonwealth v. Quinlan,* 433 Pa.Super. 111, 118–120, 639 A.2d 1235, 1239 (1994), *appeal dismissed,* 544 Pa. 183, 675 A.2d 711 (1996); *Commonwealth v. Fiore,* 341 Pa.Super. 305, 491 A.2d 276 (1985); *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970). Thus, we will herein correct the clerical error which appears on the face of the judgment of sentence by setting forth the correct sub-section of the indecent assault statute, i.e., substituting Count 2 of the indictment for Count 3. *Cf., Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975) (where judgment was erroneously entered for receiving stolen property and unlawful taking, Superior Court could correct judgments).[9]

Even if we were to find that appellant did meet the standard of manifest injustice, we agree with the Commonwealth's argument that the PCRA court erring in refusing to apply the exception which precludes relief if the Commonwealth was prejudiced by petitioner's delay in filing. The Commonwealth relies upon 42 Pa.C.S.A. § 9543(b) which states:

> (b) Exception.—Even if the petitioner meets the [eligibility] requirements of subsection (a), the petition shall be dismissed if it appears that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S.A. § 9543(b).

■ For the reasons set forth below, we agree with the Commonwealth's assertion that his delay in filing the petition is cause to deny appellee's requested relief.

The record indicates that appellee had concerns regarding the validity of his plea al-

---

8. At his PCRA hearing, appellee specifically admitted that he intended to plead guilty to indecent assault by indecent contact without the victim's consent. PCRA Hearing, p. 12. However, even at the PCRA hearing, his counsel was still confusing indecent assault as defined by 18 Pa. C.S.A. § 3126(a)(1) with that defined by 18 Pa. C.S.A. § 3126(a)(4). *See, e.g.,* PCRA Hearing, p. 11–12, 15, 16. Apparently, at the time of the hearing, the only person, including the judge, who clearly understood which sub-section of the indecent assault statute was which was appellee. *See,* PCRA Hearing, p. 16.

9. As previously stated, appellee claimed his counsel was ineffective. In establishing a claim of ineffectiveness, an petitioner must first demonstrate that the issue underlying the claim has arguable merit. *Commonwealth v. Granberry,* 434 Pa.Super. 524, 529–531, 644 A.2d 204, 207 (1994). If the claim has arguable merit, we must determine if counsel's actions had some reasonable basis designed to serve the client's interests. *Id.* Finally, if no reasonable basis for counsel's

actions is found, then we must determine whether counsel's actions so prejudiced petitioner's case that the result would have been different absent the errors. *Id.,* 434 Pa.Super. at 529–531, 644 A.2d at 207, citing *Commonwealth v. Tyson,* 363 Pa.Super. 380, 526 A.2d 395 (1987), *appeal denied,* 518 Pa. 618, 541 A.2d 745 (1988).

It is clear that counsel erred when he failed to insure that the correct count of the indictment appeared on the written guilty plea colloquy and the judgment of sentence. However, we fail to see how appellee was prejudiced by the error since the lower court, defense counsel and the prosecution were all acting as if appellee was pleading guilty to indecent assault as defined in Count 2, even though they were referring to the crime by Count 3. In other words, appellee was sentenced as if he had pleaded guilty to Count 2, not Count 3, and accordingly, he was not prejudiced by the mistake. Thus, counsel cannot be held to be ineffective.

most immediately after he entered it. PCRA Hearing, pp. 7, 20. Nevertheless, appellee did not pursue his attack on his guilty plea until it became apparent that his pleading guilty to indecent assault had a negative impact in his parole violation proceeding for unrelated crimes. PCRA Hearing, p. 17. In his letter of April 3, 1995, to his counsel, appellee clearly indicates that it is his dissatisfaction with the parole board's decision that prompted him to attack his plea. At his PCRA hearing, appellee did not offer any reasons for waiting over one year after his sentence to file his PCRA petition.

Presently, the question before us is whether the Commonwealth's ability to retry appellee has been prejudiced by appellee's delay in filing his PCRA petition. Upon review, we find that it has. Appellee pleaded guilty to indecent assault, *inter alia,* and was charged with numerous other charges that were dismissed via a favorable plea agreement. On February 22, 1995, Gidget Leis, appellee's victim and ostensibly the only witness against appellee, died. If appellee is permitted to withdraw his plea, it would be nearly impossible for the Commonwealth to re-try appellee since Ms. Leis never testified on the record concerning the event.[10]

We do not imply herein that appellee purposefully waited for Ms. Leis to die before filing his PCRA petition. However, by appellee's own admission he questioned the validity of the plea almost immediately after sentencing, and appellee failed to explain the one-year delay in filing the petition. The reasons for appellee's PCRA petition were known to appellee before the delay became prejudicial to the Commonwealth, and there was ample time (five months) within which to file his PCRA petition before the delay prej-

udiced the Commonwealth's ability to re-try appellee. Accordingly, we find the PCRA court should have dismissed appellee's PCRA petition pursuant to 42 Pa.C.S.A. § 9543(b).

In sum, we find that appellee failed to demonstrate that his guilty plea was the result of "manifest injustice". Rather, his guilty plea was the result a very favorable plea by which his felony charges were dismissed and he was sentenced to "time-served." Appellee only now challenges his plea because he is not pleased with the effect his indecent assault conviction is having on his parole revocation hearing. Accordingly, we reverse the order which granted appellee's PCRA petition to withdraw his guilty plea to indecent assault, and we reinstate appellee's judgment of sentence. However, we correct the judgment of sentence to indicate that appellee actually pleaded guilty to indecent assault as defined by 18 Pa.C.S.A. § 3126(a)(1).[11]

PCRA order reversed. Judgement of sentence reinstated as corrected. Jurisdiction relinquished.

MONTEMURO, Senior Judge, files a concurring statement.

McEWEN, President Judge, concurs in the result.

MONTEMURO, Senior Judge, concurring.

I join the majority Opinion and write separately to emphasize that a court should be permitted to change, substitute, or otherwise alter offenses in a defendant's guilty plea only in those rare circumstances where it is beyond question and absolutely clear from the record that the defendant actually intended, voluntarily, knowingly, and intelli-

---

**10.** As previously noted, appellee waived his preliminary hearing on the basis of the negotiated plea agreement.

**11.** We further note that the lower court erred in permitting appellee to withdraw his guilty plea to the crime of indecent assault only. Appellee's plea was the product of a plea bargain which dismissed numerous charges, including attempted rape, aggravated assault, terroristic threats, unlawful restraint, one count of indecent assault and two counts of disorderly conduct. Thus,

appellee cannot be permitted to withdraw *only* his indecent assault plea. Such an action would violate the plea agreement with the Commonwealth which, upon violation of the agreement by appellee, would be entitled, under the terms of their agreement, to prosecute appellee on *all* of the original charges. *Cf., Commonwealth v. Kotz,* 411 Pa.Super. 319, 326–329, 601 A.2d 811, 815–816 (1992) (where sentences are interdependent, court must vacate all sentences not just those challenged by the appellant).

gently, to enter a guilty plea to the substituted offense.