J-S64006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LACY LAMAR COLBERT | : | |
| | : | |
| Appellant | : | No. 1796 WDA 2018 |

Appeal from the PCRA Order Entered November 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009509-2014

BEFORE:   BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 10, 2020**

Lacy Lamar Colbert appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We correct Appellant's judgment of sentence and affirm the PCRA order.

In 2014, Appellant committed the armed robbery of a coffee shop in McKeesport, Pennsylvania.  Specifically, Appellant entered the store, pointed a firearm at the cashier, walked behind the counter and removed cash from the counter drawer, and fled.  The victim recognized Appellant from his regular patronage of the store, despite his efforts to conceal his head with a scarf.  Further, after police apprehended him, Appellant gave a statement describing his commission of the robbery and apologizing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant was charged with robbery, theft by unlawful taking, and possession of a firearm prohibited, terroristic threats, and simple assault. Count one of the information, entitled "Robbery - serious bodily injury," specifically alleged that Appellant violated either subsection (a)(1)(i) or (a)(1)(ii) of the robbery statute by either inflicting serious bodily injury, or by threatening or putting a person in fear of serious bodily injury.

At a non-jury stipulated trial, the evidence established that Appellant had a prior conviction for felony robbery that made him ineligible to possess a firearm. N.T. Stipulated Non-Jury Trial, 2/16/16, at 11. The trial court also received photographs of a firearm and clothing recovered from Appellant's apartment, Appellant's signed statement, video of the robbery and stills taken from it, and the police and incident reports. *See id*. at 12-13. There was no evidence or suggestion by the Commonwealth that Appellant inflicted actual bodily injury on anyone during the robbery. Rather, the Commonwealth advocated that Appellant's pointing the firearm at the victim was sufficient to prove the robbery charge as well as a simple assault by physical menace. *See id*. at 25.

At the conclusion of closing arguments, the trial court reported its verdict on the record as follows:

> [Appellant], . . . the terroristic threats I have dismissed. They haven't proved that. I don't believe they have proved the simple assault, count four, so I will find you not guilty on that. Count one, the robbery, two, person not to possess, and count five, I believe they have proved those elements beyond a reasonable doubt and I find you guilty on those.

- 2 -

N.T. Stipulated Non-Jury Trial, 2/16/16, at 25-26. The court immediately proceeded to sentence Appellant to an aggregate term of ten to twenty years of imprisonment, which included a mandatory minimum sentence as a result of his prior conviction. *See id*. at 26-29. The written sentencing order indicated that Appellant's sentence for robbery was imposed under "Count 1 - 18 § 3701 §§ A1I - Robbery-Inflict Serious Bodily Injury (F1)."

On direct appeal, Appellant challenged the trial court's denial of his pretrial suppression motion, as well as the sufficiency of the evidence to prove Appellant's identity as the perpetrator of the crimes and possession of a firearm. *Commonwealth v. Colbert*, 160 A.3d 268 (Pa.Super. 2017) (unpublished memorandum). This Court found no merit in Appellant's arguments and affirmed the judgment of sentence. *See id*.

Appellant filed a timely *pro se* PCRA petition, counsel was appointed, and an amended petition filed. The PCRA court held a hearing on the petition at which trial counsel testified that he was focused upon challenging Appellant's identity as the perpetrator, and it did not occur to him to question whether the conviction was entered at the wrong subsection of the robbery statute. N.T. PCRA Hearing, 9/18/18, at 5. The Commonwealth argued that Appellant could not establish that he suffered any prejudice because both subsections of the robbery statute are enumerated as first-degree felonies carrying "the same weight and period of incarceration," and that the erroneous designation in the written sentencing order is an obvious clerical mistake that

can be corrected by amending the sentencing order. *Id*. at 9-10. The PCRA court took the matter under advisement and ultimately entered an order denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents one question for this Court's consideration:

> Did the PCRA court abuse its discretion in finding that counsel was not ineffective for failing to argue at trial, in a post sentence motion, or on direct appeal, that the evidence was insufficient to prove the crime of robbery - infliction of serious bodily injury, 18 PA.C.S. §3701(a)(1)(i), as charged by the criminal information, for which [Appellant] was adjudged guilty and sentenced?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin with a review of the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Miner*, 44 A.3d 684, 688 (Pa.Super. 2012).

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the

- 4 -

petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*. at 113.

In arguing that the PCRA court erred in denying his petition, Appellant solely focuses upon the fact that the sentencing order reflects a conviction under subsection (a)(1)(i) of the robbery statute, which is applicable when serious bodily injury is actually inflicted. Appellant completely ignores that count one of the information, under the same heading of "robbery - serious bodily injury," alleged violation of that subsection **or** subsection (a)(1)(ii), which pertains to threatening a person with bodily injury. Likewise, while contending that the evidence was insufficient to sustain a subsection (a)(1)(i), Appellant does not dispute that "the evidence was clearly sufficient to establish that [Appellant] was guilty of robbery by threatening serious bodily injury when he brandished the gun and pointed it at the victim during the robbery, a felony of the first degree[,]" and that his sentence was proper for the subsection (a)(1)(ii) conviction. PCRA Court Opinion, 4/8/19, at 8.

Appellant also fails to address the PCRA court's explanation for why it denied him PCRA relief on the issue:

> The sentencing order in this case contained a clerical error in that it stated an incorrect subsection of the robbery statute under which [Appellant] was convicted but that clerical error had no impact on the actual verdict and sentence, which were based on a proper criminal [information] and were supported by the evidence. Counsel was not ineffective as [Appellant] has failed to establish any prejudice. Had counsel raised the clerical error in the sentencing order it would have simply been corrected and [Appellant] would have received the same sentence. Therefore, the PCRA petition . . . was appropriately [denied]. To the extent

- 5 -

any relief is appropriate a corrected sentencing order may be entered as it is well-settled that a trial court has the inherent, common-law authority to correct "clear clerical errors" in its orders.

PCRA Court Opinion, 4/8/19, at 9-10.

Accordingly, Appellant has not met his burden of convincing this Court that the PCRA court erred in declining to vacate his sentence and reverse his conviction, which is the relief that Appellant requested. *See* Amended PCRA Petition, 7/13/18, at unnumbered 7. Instead, we agree with the PCRA court and the Commonwealth that correction of the error in the written sentencing order is the appropriate resolution of the issue. *See* Commonwealth's brief at 16 (citing ***Commonwealth v. Young***, 695 A.2d 414 (Pa.Super. 1997)).

In ***Young***, the defendant was charged with two counts of indecent assault: one under 18 Pa.C.S. § 3126(a)(1) (count two), and another pursuant to 18 Pa.C.S. § 3126(a)(4) (count three). "The facts elicited throughout the proceedings below were consistent with a prosecution for indecent assault as defined by Count 2 of the indictment, and appellee knowingly and voluntarily admitted to acts which violated Count 2 of the indictment." ***Young***, ***supra*** at 419. However, "the lower court, the prosecution and defense counsel committed, in essence, a clerical error by permitting appellee to plead guilty to the wrong sub-section of the indecent assault statute." ***Id***. The defendant ultimately filed a PCRA petition resulting in the PCRA court's allowing him to withdraw his guilty plea. The Commonwealth appealed, and this Court reversed the award of PCRA relief. Rather, this Court ruled as follows:

the PCRA court should have corrected the clerical error of counsel and the trial court which permitted the judgment of sentence to indicate that appellee had been sentenced on indecent assault as defined by Count 3, rather than by Count 2. The power to modify a judgment of sentence to amend records, to correct mistakes of court officers or counsel's inadvertencies is inherent in our court system, even after the thirty-day time limit set forth in 42 Pa.C.S.A. § 5505, has expired. Thus, we will herein correct the clerical error which appears on the face of the judgment of sentence by setting forth the correct sub-section of the indecent assault statute, *i.e.*, substituting Count 2 of the indictment for Count 3

*Id*. at 420 (internal citations and footnote omitted). ***Accord Commonwealth v. Berry***, 167 A.3d 100, 105 (Pa.Super. 2017) ("Although the docket and judgment of sentence state [a]ppellant was convicted under section 3926(a)(1), these were patent and obvious clerical errors. . . . As we ultimately vacate [a]ppellant's judgment of sentence and remand for resentencing, we decline to modify the trial court's sentencing order.").

We conclude that the erroneous reference to subsection (a)(1)(i) as opposed to (a)(1)(ii) is unambiguous and clear from the face of the trial/sentencing transcript.[1] The facts and the trial court's verdicts were consistent with a prosecution for the threat, rather than the actual infliction, of bodily injury. ***See*** PCRA Court Opinion, 4/8/19, at 6 (discussing that it is well-established that brandishing a firearm constitutes infliction of fear of

---

[1] ***Cf. Commonwealth v. Borrin***, 80 A.3d 1219 (Pa. 2013) (concluding court lacked authority to change written sentencing order to increase the defendant's sentence because the ambiguous nature of the statements in the sentencing transcript did not give rise to finding a patent and obvious clerical error).

deadly injury). Further, the term of incarceration originally imposed is consistent with the (a)(1)(ii) conviction. Accordingly, we follow the **Young** Court's direction and hereby correct Appellant's February 16, 2016 judgment of sentence to reflect that his sentence at court one is for his conviction under 18 Pa.C.S. § 3701(a)(1)(ii), rather than (a)(1)(i). The judgment of sentence remains the same in all other respects.

PCRA order affirmed. Judgment of sentence corrected.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2020