**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES BEATTY | : | |
| | : | |
| Appellant | : | No. 2987 EDA 2019 |

Appeal from the PCRA Order Entered September 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003121-2008

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:              **FILED SEPTEMBER 3, 2020**

Appellant, Charles Beatty, appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm the PCRA court Order and direct the court on remand to correct an error in the Sentencing Order.

On May 23, 2008, Appellant pleaded guilty to two firearms charges.[1] The court sentenced him to an aggregate term of 6 to 12 months' incarceration followed by two years' reporting probation. Appellant served his minimum sentence, and the court released him on parole.

On June 3, 2010, and June 25, 2012, Appellant pleaded guilty to offenses in separate criminal matters that occurred while he was on parole for

---

[*] Former Justice specially assigned to the Superior Court.

[1] Carrying a Firearm Without a License and Carrying a Firearm on the Public Streets of Philadelphia. 18 Pa.C.S. §§ 6106 and 6108, respectively.

the 2008 convictions. As a result of the 2010 and 2012 convictions, the lower court held a Violation of Parole/Probation ("VOP") Hearing on December 3, 2012. The judge stated on the record: "I'm going to revoke your **probation**, and I'm going to sentence you to three to six years and that's consecutive to whatever you're serving." PCRA Ct. Op., filed 5/5/20, at 5 (unpaginated) (citing N.T. VOP Hearing, 12/3/12, at 11). However, the signed VOP Sentencing Order states that the court revoked Appellant's **parole** and does not mention probation.

Appellant's VOP Judgment of Sentence became final on January 10, 2013, following the denial of post-sentence Motions. Appellant timely filed the instant PCRA Petition, and, following the appointment of counsel, an amended Petition on February 22, 2019, challenging the legality of his sentence.[2] The court dismissed Appellant's Petition on September 19, 2019, after providing him with notice under Pa.R.Crim.P. 907. Appellant timely filed a Notice of Appeal, and both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant argues that the VOP court's December 2012 sentence is illegal because the signed VOP Sentencing Order states that the court revoked his parole, and, therefore, the court should have sentenced him to the balance of his back-time for the May 2008 convictions instead of a new term of incarceration. Appellant's Br. at 7, 14-16.

---

[2] The record contains no indication why there was a six-year delay between Appellant's timely filing of the PCRA Petition and the court's appointment of counsel.

The PCRA court found Appellant's claim meritless. PCRA Ct. Op., filed 5/5/20, at 5-6. The court reasoned that the discrepancy between the VOP Hearing transcript and Sentencing Order was "clearly a typographical error." *Id.* at 5. Instead, the court looked to the VOP Hearing transcript to discern that the VOP court intended to revoke Appellant's probation, not his parole. *Id.* The PCRA court concluded that the VOP court legally sentenced Appellant following its probation revocation.[3] *Id.* at 6.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). To be eligible for PCRA relief, the petitioner must plead and prove by a preponderance of the evidence that his sentence of conviction resulted from one of the issues enumerated in 42 Pa.C.S. § 9543(a)(2). Here, Appellant invokes Section 9543(a)(2)(vii), arguing that his three- to six-year sentence exceeded the lawful maximum following parole revocation. Appellant's Br. at 13.

Additionally, we recognize that in Pennsylvania, after sentencing, the trial court retains "the inherent power to correct errors in its records or orders so they speak 'the truth,' and thereby reflect what actually took place in judicial proceedings[,]" even outside the 30 day period permitted by 42 Pa.C.S. § 5505. *Commonwealth v. Borrin*, 80 A.3d 1219, 1227 (Pa. 2013)

---

[3] We note that Appellant does not challenge the legality of the three- to six-year sentence imposed following probation revocation.

(citations omitted). "Correctible errors are those determined to be 'patent and obvious mistakes.'" *Id.* (citation and quotation marks omitted). A sentencing order is subject to later correction when it contains a correctible error. ***Commonwealth v. Thompson***, 106 A.3d 742, 766 (Pa. Super. 2014) (remanding to correct a sentencing Order for defendant to serve convictions concurrently). ***See Commonwealth v. Young***, 695 A.2d 414, 420 (Pa. Super. 1997) (correcting an error on the face of the judgment of sentence and reversing PCRA court's grant of relief because "the PCRA court should have [instead] corrected the clerical error").

In the present case, after our review of the VOP sentencing transcript and the written VOP Sentencing Order, we agree with the PCRA court that the reference to "parole revoked" in the VOP Sentencing Order is a patent and obvious mistake as the VOP court clearly and unambiguously declared on the record that it revoked Appellant's probation. Because the VOP court revoked Appellant's probation, Appellant did not and could not carry his burden under the PCRA to plead and prove that his sentence exceeds the lawful maximum. Therefore, we agree with the PCRA court that Appellant's claim is meritless, and find no error in its Order dismissing Appellant's Petition. We remand to the lower court for the limited purpose of correcting the Sentencing Order to reflect probation revocation.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/2020