J-S25038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMILY ELIZABETH SWIKA POST | : | |
| | : | |
| Appellant | : | No. 69 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 30, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002497-2021

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.: **FILED NOVEMBER 1, 2023**

Emily Elizabeth Swika Post (Appellant) appeals[1] from the judgment of sentenced entered in the Monroe County Court of Common Pleas after her non-jury convictions of driving under the influence (DUI) — controlled

---

[1] The trial court entered a verdict on this matter on September 12, 2022. Appellant filed a post-verdict motion, which the court denied on November 30th. That same day, she was sentenced. Appellant then filed a notice of appeal "from the Order of her Guilty Verdict entered in this matter on September 12, 2022, the Order Imposing Sentence on November 30, 2022, and the Denial of [Appellant]'s Motion for Post-Verdict Relief entered in this matter on November 30, 2022." **See** Appellant's Notice of Appeal, 12/28/22.

We remind Appellant that an appeal properly lies only from the judgment of sentence. **See Commonwealth v. O'Neill**, 578 A.2d 1334, 1335 (Pa. Super. 1990) ("[I]n criminal cases[,] appeals lie from judgment of sentence rather than from the verdict of guilt[.]"); **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (Pa. 2002) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.") (citation omitted).

substances/impaired ability, and the summary offenses of exceeding speed limits and careless driving.[2] On appeal, Appellant challenges the sufficiency and weight of the evidence supporting her verdict for DUI — controlled substances/impaired ability, as well as the admission of evidence that she possessed a controlled substance. For the reasons below, we affirm the judgment of sentence, but remand the matter to the trial court for the limited basis of correcting a clerical error regarding a fine for Appellant's summary conviction of careless driving.

The underlying facts of this case are as follows. On June 13, 2021, Pennsylvania State Police Troopers Adam Thieling and Jared Beilman received a call *via* radio about an "erratic driver" on Interstate 80. *See* N.T., 9/8/22, at 4-5. The trooper located the vehicle and with his speedometer, which permitted him to determine the accurate speed of other cars, "clock[ed]" the vehicle in question as traveling at a speed of 72 miles per hour in a posted 55 miles per hour zone. *See id.* at 5-6, 19-20. After locating the vehicle, the troopers initiated a traffic stop and identified Appellant as the driver. *Id.* at 7-8. After asking for Appellant's identification, Trooper Thieling returned to his vehicle. *Id.* at 8. He then noticed Appellant "with her head down on the driver window" and noted "it almost looked like she was sleeping[.]" *Id.* at 9. Based on his experience, the trooper believed "that's not a normal thing [to do during] a traffic stop . . . no matter how tired you are[.]" *Id.* at 22. At

---

[2] 75 Pa.C.S. §§ 3802(d)(2), 3362(a)(2), 3714(a), respectively.

this time, he suspected Appellant was "possibly under the influence of drugs or alcohol" and returned to Appellant's car to speak with her.  *Id.* at 9, 23.

Trooper Thieling recounted his conversation with Appellant as follows:

I learned that [Appellant] did use drugs in the past and she was recovering[.  S]he said from time to time she has a relapse.  I asked [Appellant] a couple more questions about when her clean date was, as most people who are recovering do know their clean date, and she was unable to provide that to me[.  Appellant also "didn't know the last time she relapsed or the last time she used." This] led me to believe that she was possibly under the influence of drugs.  I then asked her to step out of the car, which she complied, and I was going to do a pat down for any weapons.  She emptied her pockets for me and . . . pulled out a blue glassine heroin baggie.

N.T., 9/8/22, at 9, 25.  Appellant also informed him the sweatshirt she was wearing did not belong to her, she just "picked up [or] dropped off a passenger[,]" and she was "tired[.]"  *Id.* at 25-27.  He noted Appellant "seemed to be coherent" while speaking with him.  *Id.* at 25.

After observing the blue glassine baggie, Trooper Thieling suspected it contained heroin or drug residue.  N.T., 9/8/22, at 10.  He then asked to search her car, to which Appellant consented.  *Id.* at 12, 27.  Trooper Thieling found 12 more blue glassine baggies on the passenger side of the car, which he suspected were heroin packets, during his search.  *Id.*

Based on Trooper Thieling's observations at that point, he conducted field sobriety tests.  *See* N.T., 9/8/22, at 10.  The trooper stated that when Appellant exited her car, before he administered the tests, he did not see her "swaying" or "stagger[.]"  *Id.* at 28.  During the horizontal gaze nystagmus

(HGN) test, the trooper did not observe any indicia of impairment, and told Appellant "she was doing well" because "[s]he was following [his] instructions." *Id.* at 10, 29. However, he noted "with drugs a lot of times[,] you're not going to see [indicia of impairment] on [an] HGN test[.]" *Id.* at 10. He then administered a "walk and turn" test, where he observed six clues of impairment, and a "one leg stand" test, where he observed one indicia of impairment. *Id.*

Trooper Thieling also asked Appellant to complete an "ARIDE" test, which consisted of "timing [Appellant's] internal clock to see if [she was] able to count [to] 30 seconds . . . , and also observing if there[ was] any swaying in the body, body tremors, [or] eyelid tremors[.]"[3] *See* N.T., 9/8/22, at 10. A person who is not under the influence of drugs would "typically" count to 30 within a five second interval during the test — meaning they would complete the test within 25 to 35 seconds. *Id.* at 11. However, Appellant's "internal clock was 19 seconds during a 30 second duration[,]" meaning she "thought she counted [to] 30 seconds, [but] it was only 19 seconds." *Id.* at 11. Additionally, the trooper observed Appellant's pupils dilating and constricting at the same time. *Id.* at 11-12. He concluded, based on the glassine baggies, standard field sobriety tests, and ARIDE test, that "further indicators of drug

_____

[3] Trooper Thieling also administered a "lack of convergence test[,]" which consisted of placing a stimulus in front of Appellant's face to see if her eyes would "converge together" or "cross[.]" *See* N.T., 9/8/22, at 10-11. He did not testify as to the results of this test, specifically.

use" and impairment were present and Appellant was "likely under the influence[.]" *See id.*

Trooper Thieling testified that he arrested Appellant for a suspected DUI and transported her to Monroe County Correctional Facility for DUI processing. *See* N.T., 9/8/22, at 12. While there, the trooper read Appellant a DL-26 form to request a blood draw, which she refused. *Id.* at 12-13.

In addition to DUI — controlled substances/impaired ability, Appellant was charged with exceeding speed limits and careless driving.[4] Relevant to this appeal, Appellant did not file any pre-trial motions.

This matter proceeded to a non-jury trial on September 8, 2022. At trial, the Commonwealth presented the testimony of Trooper Thieling, who described his interaction with Appellant as summarized above. On cross-examination, Trooper Thieling testified that when he initially observed Appellant driving at a high rate of speed, he did not observe "any indicators of impaired driving" or any other infractions. *See id.* at 19.

At trial, Appellant's counsel played the mobile video recorder (MVR) footage from the incident as evidence. The video, provided by Trooper Thieling, depicted his view of Appellant's vehicle before he initiated traffic stop through the conclusion of the encounter. *See* N.T., 9/8/22, at 13-14. While

_____

[4] Appellant was also charged with possession of drug paraphernalia, 35 Pa.C.S. § 780-113(a)(32), but the Commonwealth withdrew the charge before trial. *See* Commonwealth's Motion for Leave to Amend the Criminal Information and For Non-Jury Trial, 4/29/22, at 1 (unpaginated); Order, 4/29/22 (granting Commonwealth's motion).

playing the video, Appellant's counsel made an oral motion to suppress the statements made in the MVR video after Trooper Thieling decided to return to Appellant's vehicle. *Id.* at 23. Counsel argued that the trooper's return marked a "second encounter" and investigative detention, which required reasonable suspicion or probable cause to continue. *Id.* The Commonwealth responded that Appellant's counsel failed to file a motion to suppress prior to trial, and in any event, the initial traffic stop had not yet concluded. *Id.* at 23-24. The Commonwealth maintained that when Trooper Thieling witnessed Appellant's unusual behavior on his way back to her car, this gave him reasonable suspicion to further speak with her. *Id.* at 24. The trial court overruled the objection. *Id.*

On September 12, 2022, the trial court found Appellant guilty of one count each of DUI — controlled substances/impaired ability, exceeding speed limits, and careless driving. On September 22nd, Appellant filed a post-verdict motion for judgment of acquittal on the grounds that the verdict was against the sufficiency and weight of the evidence. *See* Appellant's Motion for Judgment of Acquittal and Request for Extension of Time to Obtain CRN Evaluation, 9/22/22, at 2-5 (unpaginated). Counsel also argued the court erred when it admitted "evidence of possession of a controlled substance[.]" *Id.* at 5-6.

On November 30, 2022, the trial court denied the motion and, that same day, sentenced Appellant to a term of 72 hours to six months' incarceration for her DUI conviction. Relevant to our disposition, at her remaining summary

convictions, Appellant was ordered to pay a $76.50 fine for exceeding speed limits, and a $25.00 fine for careless driving. Appellant did not file a post-sentence motion but did submit this timely appeal. Appellant then timely filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Before we may address the merits of Appellant's appeal, we must first determine whether she has properly preserved these claims for our review. In her Rule 1925(b) statement, Appellant alleged the following:

> 1. [Appellant] appeals from the Guilty Verdict entered on September 12, 2022, in which [Appellant] was found guilty of Count 1 of the Criminal Information, [DUI — controlled substances/impaired ability];
>
> 2. [Appellant] appeals from the Sentence that was imposed by order dated November 30,2022; and
>
> 3. Appellant appeals from the Denial of her Post-Verdict Motions, decided on November 30, 2022[.]
>
>     Any one or all of the foregoing reasons raise a substantial question as to the rationality of the sentence imposed, thus warranting appellate review.

Appellant's Concise Statement of [Errors] Complained of On Appeal (Appellant's Concise Statement), 1/25/23.

The trial court noted the statement, filed by Appellant's counsel, "contain[ed] only vague references to prior [o]rders" and "state[d] no specific claims upon which [the court] may base" an opinion. Trial Ct. Op., 2/27/23, at 1. Thus, the court concluded any claims Appellant wished to claim were waived. *Id.* at 4.

We note that a Rule 1925(b) statement that is not specific enough for the trial court to identify or address any of the appellant's claims may result in waiver. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (a statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); ***Commonwealth v. Reeves***, 907 A.2d 1, 2-3 (Pa. Super. 2006) (waiving issues not raised before the trial court due to lack of specificity).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

***Id.*** at 2 (citation omitted).

Our review of the record confirms the trial court's determination — that the Rule 1925(b) statement filed by counsel merely references the guilty verdict, sentencing order, and the order denying the post-verdict motion, and identifies no actual issue.[5] ***See*** Appellant's Concise Statement. Because Appellant's issues on appeal were not made clear and the trial court wrote its

---

[5] In addition, counsel makes a vague assertion that the claims "raise a substantial question as to the rationality of the sentence imposed" and thus review is warranted. ***See*** Appellant's Concise Statement. To the extent Appellant's counsel intended to raise a challenge to the discretionary aspects of her sentence, it appears counsel has since abandoned this claim on appeal. ***See id.***; ***see also*** Appellant's Brief at 8.

opinion based on an "assumption[,]" we agree that Appellant has waived her claims for failure to adhere to Rule 1925(b).[6] **See** Pa.R.A.P. 1925(b)(4)(ii); **Reeves**, 907 A.2d at 2-3; Trial Ct. Op. at 1. For this reason, no relief is due.

Moreover, even if Appellant properly preserved her claims, she would still not be entitled to relief. Appellant's arguments in her appellate brief correspond with the "assumption[s]" identified by the trial court — and indicate that she intended to assert the same claims outlined in the post-verdict motion. Appellant raises the following issues:

1. Whether the evidence was sufficient to sustain a finding of guilty as to [DUI — controlled substances/impaired ability?]

2. Whether the verdict was against the weight of the evidence presented at trial[?]

3. Whether the [trial c]ourt erred in admitting, considering, and concluding that [Appellant] was in possession of a controlled substance[?]

Appellant's Brief at 7-8.[7]

Based on our disposition, we will address all of Appellant's issues together. In her first argument, Appellant avers the Commonwealth failed to present sufficient evidence that she was driving under the influence of an illegal substance. Appellant's Brief at 12. She contends the Commonwealth's evidence "only showed [she] appeared tired after working a double shift." **Id.** at 14. She maintains the trooper did not observe anything that would lead

---

[6] Appellant does not address waiver under Rule 1925(b) in her brief.

[7] The Commonwealth did not file a brief.

him to believe she was driving while impaired or under the influence of any illegal substances. *Id.* Appellant highlights the fact that Trooper Thieling "remark[ed] that she appeared fine and was doing well" during field sobriety tests. *Id.* Lastly, Appellant insists that "there was no qualified expert testimony confirming that the [glassine baggies contained] a controlled substance[.]" *Id.*

Our standard of review regarding a challenge to the sufficiency is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted).

A person is guilty of DUI — controlled substances/impaired ability based on the following, in relevant part:

**(d) *Controlled substances.*** — An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

\* \* \*

**(2)** The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(2). Additionally, we note expert testimony that a petitioner's inability to drive was caused by a controlled substance is not mandatory in all DUI prosecutions, but in some cases "expert testimony **may** be helpful, or **perhaps** even necessary[.]" *Commonwealth v. Griffith*, 32 A.3d 1231, 1238 (Pa. 2011) (emphasis added).

In her next argument, Appellant maintains the verdict was against the weight of the evidence. Appellant's Brief at 14. Appellant again avers Trooper Thieling did not provide testimony that would support she was driving while impaired. Appellant's Brief at 15. She insists that none of the tests the trooper administered indicated that she was under the influence. *Id.* Based on these factors, Appellant maintains "the inference that [she] was not substantially impaired . . . would hold greater weight." *Id.*

When reviewing a challenge to the weight of the evidence, we keep the following in mind:

A weight of the evidence claim concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice. On review, an appellate court does not substitute its judgment for the finder of fact and consider the underlying question of whether the

- 11 -

verdict is against the weight of the evidence, but, rather, determines only whether the trial court abused its discretion in making its determination.

***Commonwealth v. Lyons***, 79 A.3d 1053, 1067 (Pa. 2013) (citations omitted). Further, the fact finder is free to believe all, some, or none or the evidence presented. ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (citation omitted).

> This Court will not find an abuse of discretion

> based on a mere error of judgment, but rather . . . where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Importantly, [this C]ourt should not find that a trial court abused its discretion merely because [we] disagree[ ] with the trial court's conclusion. Indeed, "when reviewing the trial court's exercise of discretion, it is improper for [this C]ourt to 'step[ ] into the shoes' of the trial judge and review the evidence *de novo*." In other words, [this C]ourt "may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court."

***Commonwealth v. Gill***, 206 A.3d 459, 467 (Pa. 2019) (citations & some quotation marks omitted).

Lastly, Appellant avers the trial court erred when it permitted the Commonwealth to present evidence that she was in possession of a controlled substance. Appellant's Brief at 16. She maintains Trooper Thieling "did not have a sufficient basis to detain [her] for additional tests or searches." ***Id.*** at 17. Appellant avers the trooper extended the traffic stop without reasonable suspicion when he walked back to his vehicle then returned and administered sobriety tests. ***See id.*** at 17-18. Appellant insists Trooper Thieling's comments about "how well" she was performing "suggest [he] did not have

reasonable suspicion of impairment [or] justification to administer further tests or request consent to search" her person or vehicle. ***Id.*** at 18. Instead, Appellant contends the trooper administered the tests "based on a hunch or to satisfy [his] curiosity" regarding her sobriety. ***Id.*** It merits mention that Appellant does not address the failure to file a pre-trial suppression motion and the resulting waiver in her brief.

"The admissibility of evidence is a matter within the sound discretion of the trial court and will be reversed only where there is a clear abuse of discretion." ***Commonwealth v. Williams***, 241 A.3d 1094, 1101 (Pa. Super. 2020) (citation omitted). A defendant "may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the [their] rights." Pa.R.Crim.P. 581(A). However, "[u]nless the opportunity did not previously exist, or the interests of justice otherwise require, [a motion to suppress evidence] shall be contained in the omnibus pretrial motion[.]" Pa.R.Crim.P. 581(B). Failure to file a timely suppression motion will result in waiver of the issue. ***Id.***

Had Appellant preserved the above-mentioned claims in a proper Rule 1925(b) statement, we would affirm on the well-reasoned basis of the trial court opinion. ***See*** Trial Ct. Op. at 7-17 (concluding: (1) based on the totality of the circumstances, the Commonwealth presented evidence that established each element of DUI — controlled substances/impaired ability; (2) Trooper Thieling testified credibly; (3) Trooper Thieling's "uncontradicted testimony" and the MVR video demonstrated that Appellant operated a vehicle after she

consumed a controlled substance, which impaired her ability to drive;[8] (4) due to the Commonwealth's credible evidence, the verdict did not shock one's sense of justice, and thus was not against the weight of the evidence; (5) Appellant waived any purported suppression claim when she failed to file a motion to suppress; (6) even if Appellant preserved a suppression claim, Trooper Thieling did not yet issue a traffic citation for the underlying stop when he began to suspect a potential DUI, thus he had reasonable grounds to further investigate; (7) Appellant waived any claim regarding expert witness testimony as a basis for relief when she did not raise the issue before the trial court; (8) even if Appellant preserved her claim that expert testimony was necessary to establish that she possessed a controlled substance, this is not an element of the charged offense, and as such, the Commonwealth did not need to prove beyond a reasonable doubt the contents of the blue glassine baggies; and (9) Trooper Thieling testified that based on his training and experience, he identified the baggies as drug paraphernalia.)

As Appellant has failed to preserve any of the claims raised above, and moreover, because she has failed to establish the trial court erred in its rulings, Appellant is not entitled to relief on her claims regarding her conviction of DUI — controlled substances/impaired ability.

_____

[8] We also note that Appellant refused to submit to a blood test, which can be admitted to suggest consciousness of guilty. **_See Commonwealth v. Bell_**, 211 A.3d 761, 763-64 (Pa. 2019); N.T., 9/8/22, at 12-13.

Lastly, we note in its Rule 1925(a)opinion, the trial court acknowledged that "due to a clerical error," the fine for Appellant's exceeding speed limits conviction was "incorrect." **See** Trial Ct. Op. at 17. The court ordered Appellant to pay a fine of $76.50, when it should have been $59.00. **See** 75 Pa.C.S. § 3362(a)(2) and (c)(1)(ii). "The power to modify a judgment of sentence to amend records, to correct mistakes of court officers or counsel's inadvertencies is inherent in our court system, even after the thirty-day time limit set forth in 42 Pa.C.S.A. § 5505, has expired." **Commonwealth v. Young**, 695 A.2d 414, 420 (Pa. Super. 1997). Accordingly, we remand for the limited purpose of correcting the sentence to reflect the proper fine amount for Appellant's exceeding speed limits conviction.

Judgment of sentence affirmed. Case remanded to the trial court for the limited basis to correct the clerical error regarding Appellant's exceeding speed limits summary conviction. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/01/2023