J-S12029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAALIK JACKSON-WALLACE | : | |
| | : | |
| Appellant | : | No. 1540 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005760-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAALIK JACKSON-WALLACE | : | |
| | : | |
| Appellant | : | No. 1541 EDA 2021 |

Appeal from the Judgment of Sentence Entered June 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005768-2019

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.: **FILED SEPTEMBER 20, 2022**

Maalik Jackson-Wallace appeals from his June 21, 2021 judgments of
sentence entered in the above-captioned cases. We affirm.

We glean the factual and procedural history in this matter from the
certified record. The case at bar concerns the death of Marcellus Little, who
was shot and killed on the morning of June 11, 2019, on the 5300 block of
Horrocks Street in Philadelphia, Pennsylvania. Police responding to reports
of gunshots at that location discovered Little suffering from multiple gunshot

wounds. He was transported to Temple University Hospital ("Temple"), where he was pronounced dead. Spent shell casings at the scene suggested that a gunfight involving three firearms had taken place. Anonymous flash information relayed over the radio also indicated that a white van with ladders had been seen near the scene of the shooting. Additionally, police also located several blood stains at the scene of Little's death.

Shortly after arriving, police learned that Appellant was at Nazareth Hospital ("Nazareth") seeking treatment for a gunshot wound to his left thigh. When police questioned Appellant, he claimed to have been the victim of an armed robbery approximately twelve blocks away from the location of Little's death. Appellant also averred that an unknown "good Samaritan" in a white van with ladders had dropped him off at Nazareth. Security video footage from the hospital confirmed that Appellant had been dropped off for medical treatment by a van matching the descriptions from the scene. Police quickly grew suspicious when Appellant refused to answer further questions and handcuffed him to his hospital bed. Later, Appellant, accompanied by an officer, was transported to Temple for further treatment. Homicide detectives continued to interrogate him at Temple. At no point was Appellant advised of his rights pursuant to **Miranda v. Arizona**, 384 U.S. 437 (1966), while police spoke with him at either Nazareth or Temple. At some point, a DNA sample was collected from Appellant during this time period for comparison to blood stains located at the scene of the shooting. Ultimately, this comparison resulted in a match with Appellant's DNA.

Police deemed it necessary to keep Appellant in custody and transported him to the homicide unit of the Philadelphia Police Department for further questioning. Appellant was placed in an interrogation room at and fully advised of his *Miranda* rights. Appellant was confined for the next twenty hours. The next day, Appellant admitted to shooting and killing Little with the assistance of an unnamed accomplice. While Appellant was being processed, he managed to escape from custody. He was recaptured shortly after absconding in an alleyway adjacent to the Police Administration Building in Philadelphia.

At CP-51-CR-0005768-2019 ("Docket No. 5768"), Appellant was charged with criminal homicide, criminal conspiracy, possession of firearms prohibited, firearms not to be carried without a license, carrying firearms in public, possession of an instrument of crime, and recklessly endangering another person in connection with the death of the victim. At CP-51-CR-0005760-2019 ("Docket No. 5760"), Appellant was arrested and charged with escape and resisting arrest.

At Docket No. 5768, Appellant filed a motion to suppress his statements to police at the hospitals due to the fact that he had not received any *Miranda* warnings prior to being questioned. *See* Motion to Suppress, 7/7/20, at ¶¶ 6-7. Additionally, he argued that his statements at the homicide unit were the "fruits of an illegal arrest" since the officers transported Appellant there directly from Temple "without probable cause[.]" *Id*. at ¶ 8. Finally, Appellant asserted that his statements to police at the

homicide unit were "not made knowingly, intentionally, and voluntarily in violation of Article 1, [§] 9 of the Pennsylvania Constitution." *Id*. Ultimately, the trial court suppressed Appellant's statements at Temple and Nazareth but denied Appellant's remaining claims.

Thereafter, Appellant elected to enter into a joint plea agreement with the Commonwealth at both dockets. At Docket No. 5768, the Commonwealth withdrew the charges of possession of firearms prohibited, carrying firearms in public, and recklessly endangering another person. Additionally, the Commonwealth agreed that Appellant's homicide count would be graded as third-degree murder. At Docket No. 5760, the Commonwealth withdrew the charge of resisting arrest. Additionally, the Commonwealth recommended a minimum aggregate sentence range of fifteen to twenty-seven and one-half years on all charges. In exchange for these considerations, Appellant agreed to plead guilty to the remaining counts. The trial court accepted both pleas. Sentencing was deferred.

One week later and prior to the imposition of sentence, Appellant filed a motion to withdraw his guilty plea at Docket No. 5768, alone, asserting only that he was innocent. *See* Petition to Lift Detainer, 4/5/21, at ¶ 3. Appellant did **not** seek to withdraw his guilty plea at Docket No. 5760. Although his motion was nominally filed at both of the above-captioned cases, during argument before the trial court, Appellant made clear that he was not seeking to withdraw his guilty plea at Docket No. 5760, since the

suppression motion had not involved Appellant's charges for fleeing from custody. *See* N.T. Hearing, 4/27/21, at 6-7.

The Commonwealth opposed the request, arguing that "[a] bare assertion of innocence, by itself, is not a sufficient reason for a trial court to permit a defendant to withdraw his guilty plea." Commonwealth's Response to Motion to Withdraw Guilty Plea, 4/6/21, at 4 (citing ***Commonwealth v. Carrasquillo***, 115 A.3d 1284 (Pa. 2015)). At the hearing, Appellant clarified that he wished to withdraw his guilty plea in order to preserve his suppression claims on direct appeal. *See* N.T. Hearing, 4/27/21, at 4-5 ("It was sort of a blanket assertion of innocence. . . . It's not just that. I think [Appellant] does not wish to give up his appeal rights with respect to the motion to suppress that was filed and litigated, and that's my understanding, correct?"). In the end, the trial court denied Appellant's motion to withdraw his plea. *See id*. at 14 ("I do not believe that there is any plausible claim of innocence in this case, and I am denying the motion."); Order, 4/27/21.

Thereafter, at Docket No. 5768, the trial court sentenced Appellant as follows: (1) a term of incarceration of twenty to forty years for third-degree murder; (2) a consecutive term of incarceration of five to ten years for conspiracy; and (3) a concurrent term of incarceration of one to two years for firearms not to be carried without a license. At Docket No. 5760, the trial court sentenced Appellant to a term of incarceration of one to two years for escape, which was set to run concurrently to his sentence at Docket No.

5768. Thus, the trial court imposed an aggregate sentence of imprisonment of twenty-five to fifty years that was within the range prescribed by the plea agreement between Appellant and the Commonwealth. No post-sentence motions were filed. Appellant filed timely notices of appeal at both dockets. Appellant and the trial court have complied with the requirements of Pa.R.A.P. 1925. On appeal, this Court consolidated the cases *sua sponte*.

Appellant has raised two issues for our consideration:

ISSUE 1:

Whether the trial court abused its discretion when it denied [Appellant's] motion to withdraw his guilty plea prior to sentencing when he argued innocence and Appellant did not want to waive his appeal for his motion to suppress statements which the court granted in part and denied in part.

ISSUE 2:

Whether the court violated the negotiated terms of [A]ppellant's plea agreement when the [conspiracy to commit third-degree murder] sentence of 5-10 years [of] incarceration was run consecutive to [his third-degree murder] sentence of 20-40 years for a total sentence of 25-50 instead of a total sentence of 20-40 years, all resulting in substantial harm and undue prejudice to [Appellant], making the guilty plea not knowingly, intelligently, and voluntarily made.

Appellant's brief at 4 (issues reordered for ease of disposition).

In his first issue, Appellant asserts that the trial court erred in denying his pre-sentence motion to withdraw his guilty plea at Docket No. 5768. **See** Appellant's brief at 11 ("[A]ppellant put forth . . . two reasons for the [m]otion, innocence and he did not want to waive his appeal for the motion

to suppress statements that was denied in part and granted in part." (cleaned up)). In its Rule 1925(a) opinion, the trial court mischaracterizes Appellant's assertion that he wished to pursue his direct appellate rights as amounting to little besides a bare assertion of innocence: "[Appellant's] reasoning behind his wish to withdraw his plea is insufficient to demonstrate a colorable argument that withdrawal would promote the interests of fairness and justice." Trial Court Opinion, 9/16/21, at 7. We must disagree.

Pennsylvania Rule of Criminal Procedure 591(A) provides that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The following considerations govern the decision to grant or deny such a presentence motion to withdraw a guilty plea: (1) there is no absolute right to withdraw a guilty plea; (2) trial courts have discretion in determining whether a withdrawal request will be granted; (3) such discretion is to be administered liberally in favor of the accused; and (4) any demonstration by a defendant of a fair and just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.[1] ***See Commonwealth v. Garcia***, ___

---

[1] The standard governing post-sentence withdrawal of a plea is much more stringent and requires a defendant to demonstrate that "manifest injustice" would result from the denial of the motion. ***Commonwealth v. Broaden***,
*(Footnote Continued Next Page)*

A.3d ___, 2022 WL 1087377, at *2 (Pa.Super. 2022) (citing *Commonwealth v. Norton*, 201 A.3d 112, 116 (Pa. 2019)). Accordingly, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id*. Under Pennsylvania law, "a mere, bare, or non-colorable assertion of innocence is insufficient, in and of itself, to support withdrawal of a plea[.]" *Carrasquillo*, *supra* at 1290 n.6. However, an assertion of innocence "is not the only fair and just reason that would warrant a trial court to permit a defendant to withdraw a guilty plea." *Commonwealth v. Elia*, 83 A.3d 254, 263-64 (Pa.Super. 2013).

Our standard of review in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled: "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reason for withdrawing his plea absent 'substantial prejudice' to the Commonwealth." *Id*. at 261. Moreover, the trial court is required to administer its discretion

*(Footnote Continued)* ——————————————

980 A.2d 124, 129 (Pa.Super. 2009). Here, there is no dispute Appellant's request to withdraw his guilty plea was advanced prior to sentencing. The presentence standard also applies where, as here, "the parties negotiate a sentence, but the defendant moves to withdraw the plea prior to sentencing." *Commonwealth v. Garcia*, ___ A.3d ___, 2022 WL 1087377, at *2 n.1 (Pa.Super. 2022).

"liberally in favor of the accused." ***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa.Super. 2016) (citing ***Carrasquillo***, ***supra*** at 1291-92). Thus, such discretion is not unfettered:

> [T]he term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. The trial court must be mindful that the law requires trial courts to grant presentence plea withdrawal motions liberally and make credibility determinations supported by the record. The trial courts in exercising their discretion must recognize that before judgment, the courts should show solicitude for a defendant who wishes to undo a waiver of all constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our constitution. Finally, this Court must not substitute its judgment for that of the trial court; rather, we must discern whether the trial court acted within its permissible discretion.

***Garcia***, ***supra*** at *3 (cleaned up).

Here, the trial court mislabeled Appellant's request to withdraw his guilty plea as a bare assertion of innocence, which will not suffice as a matter of law. ***See*** Trial Court Opinion, 9/16/21, at 7. This characterization tells only half of the tale, as Appellant specifically asserted that he wished to withdraw his guilty plea in order to preserve an appellate claim with respect to his partially denied suppression motion. ***See*** N.T. Hearing, 4/27/21, at 36-38. This justification distinguishes Appellant's case from our precedent concerning unvarnished claims of innocence. Since Appellant's claim for relief was not solely predicated upon his innocence, we find that the trial court's reliance upon our case law concerning unsupported claims of innocence was erroneous.

- 9 -

Nonetheless, we may affirm the holding of the trial court on any correct basis that appears of record. *See Commonwealth v. Singletary*, 803 A.2d 769, 772-73 (Pa.Super. 2002) ("[W]here the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself."). Instantly, we emphasize that "the terms of a plea agreement may also determine a defendant's right to withdraw a guilty plea." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa.Super. 2011) (citing Pa.R.Crim.P. 590). As noted above, the specific terms of Appellant's guilty pleas were jointly negotiated with respect to charges at both Docket No. 5768 and Docket No. 5760.

Assuming that an agreement is legally possible to fulfill, Pennsylvania law provides that "when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." *Commonwealth v. Parsons*, 696 A.2d 1259, 1268 (Pa.Super. 2009). This Court has disapproved of piecemeal attempts to withdraw only some of the charges contemplated by a negotiated plea, as follows:

> [T]he lower court erred in permitting [the defendant] to withdraw his guilty plea to the crime of indecent assault only. [The] plea was the product of a plea bargain which dismissed numerous charges, . . . . Thus, [the defendant] cannot be permitted to withdraw **only** his indecent assault plea. Such an action would violate the plea agreement with the Commonwealth which, upon violation of the agreement by [the defendant], would be entitled, under the terms of the agreement, to prosecute [the defendant] on **all** of the original charges.

- 10 -

*Commonwealth v. Young*, 695 A.2d 414, 421 n.11 (Pa.Super. 1997) (emphases in original).

Critically, Appellant only sought to withdraw his guilty plea at Docket No. 5768 in this case, while simultaneously attempting to retain the benefit of his plea agreement at Docket No. 5760, *i.e.*, the Commonwealth's withdrawal of the resisting arrest charge. This clearly violated the terms of Appellant's plea agreement with the Commonwealth. On that basis, we discern no reason to disturb the trial court's decision to deny the petition to withdraw. *Id*. Thus, no relief is due with respect to Appellant's first claim.

We now turn to Appellant's second claim, which challenges the terms of the sentence imposed by the trial court. In short, Appellant asserts that the trial court should have set all of his respective sentences to run concurrently to his conviction for third-degree murder. *See* Appellant's brief at 10 ("[A]ppellant had a reasonable expectation that all charges, including the [conspiracy count], would run concurrent to [third-degree murder].").

However, in his brief, Appellant casts this as an issue governed by the legal standards attendant to a claim concerning the discretionary aspects of his sentence. *Id.* at 9. Given that a range of the duration of Appellant's sentence was a negotiated term of his plea agreement, it is not at all clear that his claim is reviewable pursuant to a discretionary rubric. *See Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super. 1994) ("[W]here a sentence of specific duration has been made part of a plea bargain, it

would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process."). Here, Appellant was sentenced within the duration range agreed upon as a result of the parties' negotiations. Accordingly, it is not clear that Appellant is even entitled to make this argument as a threshold matter. Assuming, *arguendo*, that the claim is reviewable, it would fail on its merits because the agreement included no provision regarding the consecutive or concurrent nature of the sentences, and Appellant was sentenced within the agreed-upon duration.[2]

However, Appellant also simultaneously frames this argument as one that also concerns whether his plea was not knowing, intelligent, or voluntary. This allegation of error was not raised at the time of sentencing or in a timely post-sentence motion. Instead, it was raised for the first time in Appellant's Rule 1925(b) concise statement. **See** Concise Statement, 9/1/21, at ¶ 6 ("Whether [Appellant's guilty plea] was knowingly, intelligently and voluntarily made when he thought that all sentences were to run concurrently to [third-degree murder]."). Accordingly, it is waived.

_____

[2] The certified record reveals that the parties agreed to a "floor" of fifteen years and a "ceiling" of twenty-seven years with respect to Appellant's aggregate minimum sentence. The remaining specifics were left entirely up to the trial court. **See** N.T. Guilty Plea, 3/29/21, at 27 ("You won't get a day over [twenty-seven and one-half]. You won't get a day under [fifteen] for all of your cases. Everything else is going to be up to the judge at the time of sentencing for all your cases.").

***See Hinkal v. Pardoe***, 133 A.3d 738, 746 (Pa.Super. 2016) ("A Rule 1925(b) statement of matters complained of on appeal is not a vehicle in which issues not previously asserted may be raised for the first time."); ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa.Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing"). Regardless of whether it is viewed as a challenge to the discretionary aspects of his sentence or the voluntariness of his plea, Appellant's second issue lacks merit.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2022